Mason, J., (after consultation with Duer and Campbell, J. J.)
The decision of this question depends upon the construction to be given to the 189th section of the code. The third subdivision of that section expressly authorizes the arrest of a defendant in cases like the present, but with the proviso that no female “ shall be arrested in any action except for a wilful injury to person, character, or property.” If this ease is embraced in either of the exceptions, it must be in the last, a wilful injury to property. But it is difficult to understand how the mere detention or concealment of a piece of furniture is a wilful injury to it. It may be preserved with- the utmost care, although kept out of the reach of the plaintiff Had the defendant broken it to pieces, or damaged it intentionally, so that its value was thereby lessened or destroyed, that would be a wilful injury within the meaning of the act. But nothing of this kind is pretended. The plaintiff rests his right to an arrest, on the sole ground that a wrongful concealment and withholding of the property, is in itself a wilful injury to it. I cannot so understand it. The two things are in their nature entirely different, and the distinction between them is clearly stated in this very section, which authorizes an arrest generally, “where the action is for an injury to person or character, or for injuring, or for wrongfully taking, detaining, or converting property.” Injuring property, therefore, is not within the meaning of this *731 section, the same as taking, detaining, or converting it. A female can, however, be arrested only for injuring property, and not for taking, detaining, or converting it; and even then it is not for every injury done to it, but only for a wilful, or wanton and malicious injury. No doubt an injury is done to the plaintiff himself, by withholding from him his property, and the defendant is guilty of a wrong, or in the old phraseology, of a tort in so doing ;—but that is certainly very different from an injury to the particular piece of property itself.
I should not have thought it necessary to have dwelt upon this at such length, if it were not for the case of Starr v. Kent, 2 Code Rep. 30, which the counsel for the plaintiff pressed with much earnestness in support of his position. That was a motion to discharge the defendant, who was a female, from arrest; and according to the report, it was contended on behalf of the plaintiff, that “ the concealing or removing of the property, so that it could not be found or taken by the sheriff, was a wilful injury to the plaintiff’s property in the property so removed or concealed—and of that opinion,” the report adds, “ was his honor Judge Daly, and the motion was denied.” His honor did not, however, give any written opinion himself, and I cannot but think that there must be some mistake or omission, or misapprehension of some important fact, on which the decision of the judge was founded.
The report, if it mean any thing, means that the detaining of property is a wilful injury to the estate or interest of the plaintiff, in the property detained, and therefore subjects a female who detains it, to arrest; thus giving an entirely different signification to the word “property” from that evidently intended by the code. With the greatest respect, therefore, for the learned judge, I cannot regard the report of his decision as an authority for the position which it purports to sustain.
This view of the principal question renders it unnecessary to consider the other questions discussed on the argument.
The motion to discharge the defendant must be granted on the ground that the facts do not warrant her arrest under the code, with ten dollars costs; but on condition that the defendant stipulate not to bring any action.