Rodgers v. Rodgers.

———————————————— • • • ————————————————

## A. N. RODGERS *vs.* E. RODGERS and JONES.

In an action by the reversioner, against tenant for life and another, to recover damages for injuries to the inheritance and reversionary interest of the plaintiff, the complaint may state a cause of action for wrongfully cutting, removing, and converting wood, and also a cause of action for drawing off the wood which *had been cut*, and converting it.

A cause of action for cutting and removing timber, and one for removing fire wood already cut, and converting it, followed by averments of injury to the inheritance and reversionary interest of the plaintiff, may be united, under the code, if they affect all the parties to the action. But if either cause of action is against only one of the defendants, it is not proper to unite it with the cause of action against both.

A case, the main and leading object of which is to obtain an injunction to

Rodgers *v.* Rodgers.

restrain future waste, is one of purely equitable cognizance, and as inci-
dental to this jurisdiction, the court, when waste has been committed, will,
to prevent a multiplicity of suits, direct an account and satisfaction for past
injuries.

When the statement of facts constituting a cause or causes of action will
support either of two actions, and it is doubtful which the pleader intended,
the demand for judgment may be consulted, with a view of ascertaining
which action was intended.

The supreme court has the same jurisdiction which the court of chancery
formerly possessed, to restrain waste, upon a bill filed, stating the facts.

The plaintiff may show in his complaint the acts of waste begun, and those
threatened, and in a proper case he may have an injunction to restrain the
tenant from completing or continuing the waste, or from taking any steps
to effect the waste threatened.

The court must be satisfied that the acts of waste will be committed if it
does not interfere; and, for this purpose, the complaint may show that the
party has actually commenced waste, or that he has threatened to commit it.

The injunction may be granted against any one who colludes with the tenant
to commit waste.

DEMURRER to complaint. The complaint alledged that the
plaintiff was the owner in fee of a farm of 110 acres; that the
fee, title, and inheritance were, have been and are in the plain-
tiff, subject to the life estate of Ebenezer Rodgers; to whom, in
September, 1845, he leased and demised the premises for and
during the natural life of E. Rodgers; that E. Rodgers had been
from that time and still was in possession under the lease.
That there were about 23 acres of timber land valuable and ne-
cessary for the use of the farm; and that the reversion, inheritance
and fee therein would be greatly damaged, injurered and impaired
if the timber was wasted, injured, or destroyed, more than was
necessary for the enjoyment of the life estate. It was alledged
that E. Rodgers had by a written agreement or lease, let the
cultivating of the premises, or certain portions, to the defend-
ant Jones who resided upon the premises with E. Rodgers, re-
ceiving some portion of the products for cultivating the farm.
That the contract between E. Rodgers and Jones was to continue
during the life of E. Rodgers. It was then further alledged that
E. Rodgers had willfully, knowingly and intentionally, and de-
signing to injure the inheritance, committed waste of the wood
and timber; that in December last and at divers other times,

Rodgers v. Rodgers.

prior to May last, he had been committing waste of the wood and timber by causing large quantities, to wit, 130 growing trees to be cut down and cut into fire wood and taken from the premises, and converted the same &c.; by reason whereof the inheritance of the plaintiff had been greatly injured. The plaintiff then *further showed* that the defendants were combining together to commit waste of the wood and timber, and that they had during the months of October and November, knowingly and willfully, and with design to injure the inheritance, committed waste of the wood and timber. He specified the cutting down of timber and cutting it into fire wood and removing the wood from the premises and converting it, &c. as the acts of waste, whereby the plaintiff was injured in his inheritance by reason of the said joint acts of the defendants. It was then further alledged and charged that the defendants, with intent to injure the inheritance of the plaintiff, committed other waste of the wood and timber; that they had drawn off from the premises fire wood, cut from the timber being upon and growing on the premises, in large quantities, to wit, ten cords, of the value of $25, and coverted the same to their own use for other purposes than consumption upon the premises; whereby the inheritance of the plaintiff had been greatly injured, &c. and he had sustained damage in his inheritance by reason of the said joint acts of the defendants. It was then alledged that the defendants were willfully and designedly continuing to commit waste, and were taking, and causing to be taken from the premises, large quantities of wood and timber, and disposing of the same for their own use &c.; and that they threatened to continue to commit more waste of wood and timber, and would continue to do so unless restrained by order of the court; that by means of the several grievances the plaintiff had been greatly injured in his reversionary estate and inheritance, and had sustained damages by reason of the continued acts of the defendants, to the amount of $100, &c. The plaintiff prayed that the defendants might be perpetually restrained from cutting, carrying away, or disposing of any of the wood and timber, and from committing waste, and that they might be adjudged to pay the plaintiff the damages

sustained by reason of the wrongful acts committed *by them together*, by, through, and under the sanction of each other as aforesaid, together with costs, &c.

The defendant E. Rodgers demurred to the statement of the cause of action relating to drawing from the premises fire wood, cut from the timber, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The defendant Jones demurred on the grounds, first, that several causes of action were improperly united, specifying particularly the reasons; second, that the complaint did not contain facts sufficient to constitute a cause of action; that it did not contain facts which made a case for an injunction against Jones, and he specified various reasons and grounds.

*H. S. Goff*, for the plaintiff.

*W. K. McAllister*, for the defendant.

*By the Court*, MARVIN, J.    What is the action the pleader has attempted to state in this complaint?    What are the causes or cause of action?    How many causes of action are stated, one or more?    Facts, conclusions of law, and reliefs prayed, are so jumbled together that it is difficult to answer these questions.    It was called, upon the argument, an action of waste; and it was said that the object of the plaintiff is, to obtain damages for the *combined* acts of the defendants, and a perpetual injunction to restrain them from committing further waste.    The plaintiff's counsel referred us to section 450 of the code, abolishing the action of waste, and substituting the remedies given by the code for the wrongs heretofore remediable by action of waste. ·

Does the plaintiff intend and expect to recover "the place wasted and treble the damages found by the jury," (2 *R. S.* 335, § 10,) or "forfeiture of the estate of the party offending, and eviction from the premises?"    (*Code*, § 450.)    I presume not. He has not demanded any such relief.    The relief he demands is an injunction, and damages by reason of the wrongful acts committed by the defendants together.

Rodgers *v.* Rodgers.

The case then is to be regarded not strictly as an action of waste, or rather as the action allowed by section 450 of the code as a substitute. Is it to be regarded as the old action on the case in the nature of waste, which lay for the same acts or omissions as the writ of waste, when the acts or omissions were injurious to the reversion? (*Arch. L. & T.* 201.) In the action of *waste* the plaintiff was obliged to set out his title; but in *case* it was not necessary. (2 *Saund.* 252, *notes c. & d. Arch. L. & T.* 204, *and forms. Comyn's L. & T.* 293. 2 *Chit. Pl.* 784, *declaration in case.*) Case for injury to the reversion, and trover, when the property, by severance from the realty, had become chattels, could be united in the same declaration. (*Chit. Pl. supra.*)

In the present case, if we regard this simply as an action to recover damages for injuries to property, (*Code*, § 167, *class 3d,*) I see no objection to stating in the complaint the cause of action for wrongfully cutting, removing and converting the wood; and also the cause of action for drawing off the wood which *had been cut,* and converting it. The one cause of action would have been in case, in the nature of waste, and the other in trover for removing the wood which had been cut and thus became personal property. (*Schermerhorn* v. *Buel,* 4 *Denio,* 422.) The causes of action would "all arise out of" "injuries with or without force to property." (*Code*, § 167.) In this view of the complaint, it would be important to inquire how many causes of action are set forth, and we should find three distinct statements of causes of action. The first against E. Rodgers alone, for cutting and removing the timber; the second against both defendants for cutting and removing, &c., and the third against both defendants for removing fire wood already cut, and converting it. Each of the statements is followed by the consequence, viz. injury to the inheritance and reversionary interest of the plaintiff, &c.

These causes of action can be united, under the code, if they affect all the parties to the action; (§ 167;) but in this case the first cause stated is against only one of the defendants, and it was not proper to unite this with the causes of action against both.

The defendants' counsel has evidently regarded the complaint as stating several causes of action, the recovery of damages being the main object; and the manner employed in framing the complaint and stating the injuries, gives countenance to this view. The pleader has resorted, in stating the wrongs committed, mainly to the forms used in an action on the case in the nature of waste. (*See forms in Chit. Pl.*) And in the view taken by the defendants' counsel, he supposes that section 167 of the code, relating to the union of several causes of action in the complaint, is controlling. After a careful consideration of the complaint I have come to the conclusion that this is not the proper view to take of it. There are many actions not embraced in section 167, and to which that section has no application. Upon considering the entire complaint, I think the pleader intended to state a case, the main and leading object of which was to obtain an injunction to restrain future waste. This would be an action of purely equitable cognizance, and as incidental to this jurisdiction the court, where waste has been committed, will, to prevent a multiplicity of suits, direct an account and satisfaction for past injuries. (*Arch. L. & T.* 207. 2 *Story's Eq.* §§ 917, 919. 1 *Id.* 515, 516. *Cooper's Eq. Pl.* 150.)

The pleader, after stating the several wrongful acts of the defendants, the cutting and removing the timber, puts forth prominently the threats of the defendants to "commit more waste," and alledges that they will do so unless restrained. The prayer is for an injunction, and for damages sustained by reason of the wrongful acts committed by the defendants *together*.

When the statement of facts constituting a cause, or causes of action, will support either of two actions, and it is doubtful which the pleader intended, the demand for judgment may be consulted with a view of ascertaining the action intended. (*Spaulding* v. *Spaulding*, 3 *How. Pr. R.* 297. *Daws* v. *Green*, *Id.* 377.)

By section 69 of the code, the distinction between actions at law and suits in equity, and the forms of such actions and suits, are abolished, and it is declared there shall be but one form of action. The form is not proscribed, and we must look elsewhere

for the rules of pleading. The great and leading rule is, that the complaint shall contain a plain and concise statement of the facts constituting the cause of action; and it is undoubtedly true that the great test in determining the character of the action, is to look at the statement of facts. If these facts, however alike, indicate either of two or more actions, then we may look to the relief demanded, and that may settle the doubt. And if several causes of action are united we may apply the same rules.

Courts of equity had jurisdiction to restrain waste, upon a bill filed, stating the facts. The complainant might show in his bill, and may now show in his complaint, the acts of waste begun, and those threatened, and in a proper case, he may have an injunction to restrain the tenant from completing or continuing the waste, or from taking any steps to effect the waste threatened. The court must be satisfied that the acts of waste will be committed if it does not interfere, and, for this purpose, the complaint may show that the party has actually commenced waste, or that he has threatened to commit it. (*Arch. L. & T.* 206. *Comyn's L. & T.* 485.)

The injunction may be awarded against Jones in this case. It may be granted against any one who colludes with the tenant to commit waste. (10 *Vesey*, 290.) And to prevent irreparable injury it may be granted against a trespasser. (2 *Story's Eq.* 928, 929, *and cases cited. Livingston* v. *Livingston*, 6 *John. Ch.* 497. 1 *Paige*, 97.) And an account will be ordered, to save the plaintiff the necessity of going to law to obtain his damages. (*Story's Eq.* 929. 18 *Ves.* 184.) The court has as ample jurisdiction now to decide and dispose of the whole matter as the court of chancery formerly had.

There is no difficulty then in applying the remedy by injunction, and account for damages, to the defendant Jones, who has been let into possession by the tenant Rodgers; even if he was not strictly liable to be proceeded against as the assignee of the tenant Rodgers.

The complaint is very inartificially drawn, but the gravamen of the action is the danger of future waste, to prevent which the

injunction is demanded. Accounting for past waste is incidental to the jurisdiction to award the injunction. So regarding the complaint it states but one cause of action. All the facts are stated as the ground upon which the plaintiff rests his claim to an injunction. They are quite sufficient. The complaint contains some surplus matter, but that can not be reached by demurrer. There should be judgment for the plaintiff upon the demurrer, with leave to the defendants to answer, &c.

[Erie General Term, April 26, 1852. *Taggart, Marvin, Hoyt* and *Mullett,* Justices.]