222          NEW-YORK PRACTICE REPORTS.

The Northern Railway of France agt. Carpentier and others.

---

## SUPREME COURT.

THE NORTHERN RAILWAY OF FRANCE agt. CHAS. CARPENTIER, FELICITE DUBUD and others.

A *female* may be *arrested* for a *wilful injury* to person, character, or property. (*Code*, § 179.)

What is property, and what is a wilful injury to property?

Where an allegation in the complaint, not denied, but admitted by the defendant, that two of the defendants, with the aid and assistance of the female defendant, abstracted certain railway shares, with coupons attached, belonging to the plaintiffs, and converted the same into money, and then escaped from France to this country with said money,

*Held*, that these shares and coupons were property, and converted with the intent to deprive the plaintiffs of the benefit of the same, as property ; and was an *injury*, and a *wilful injury* to the property—the stock and coupons having been destroyed as such, and converted into money.

*New-York Special Term, Oct.*, 1856.

THE complaint in this cause states, that the plaintiffs were the owners of certain railway shares, with coupons attached ; and that the defendants, Carpentier and Grellet, were officers of the plaintiffs' company, and had charge of the same, being the property of the plaintiffs.   That the said Carpentier and Grellet, with aid and assistance of the other defendants, abstracted the said shares and coupons, and converted the same into money, and have escaped to this country with said money. These allegations are admitted on this application.

The Northern Railway of France agt. Carpentier and others.

The defendants have been arrested; and the defendant Felicite Dubud now moves to vacate the order of arrest as to her, on the ground that the facts stated in the complaint do not authorize the arrest of a female.

B. GALBRAITH & JOHN TOWNSHEND, *for defendant.*
JAS. MORROGH & F. R. TILLOU, *for plaintiffs.*

DAVIES, Justice.    Subdivision 5, of § 179 of the Code, declares that "no female shall be arrested in any action, except for a wilful injury to person, character, or property."

It follows, that where a female has committed a wilful injury to property she may be arrested.

It was contended, on the argument, that the shares and coupons mentioned in the complaint, were not property, and therefore the arrest could not be sustained.

I think the averments in the complaint are sufficient to sustain the position, that these shares and coupons were property, and the property of the plaintiffs; and that the same were converted with the intent to deprive the plaintiffs of the benefit of the same as property.

The next question, and the grave one, is, what is a wilful injury to property?   The counsel for the defendant contends that this means only a wilful defacing of it, or a wilful depreciation of it by reducing its value; that its total destruction, or disposition, is not an injury.    *Bouvier*, in his *Dictionary*, (*vol.* 1, *p.* 636,) says, "Injuries to personal property are the unlawful taking and detention thereof from the owner."    *Webster* defines "injury" to mean, in general, any wrong or damage done to a man's person, rights, reputation, or goods.

We find, in this case, that the defendant herein was aiding and assisting in taking from the owner, and converting into money, and fleeing the country therewith, the property of the plaintiffs, and consequently detaining the same from the owner. This, therefore, is an injury to personal property.

Is it wilful?

*Webster* defines "wilful" to mean, "by design, with set pur-

224    NEW-YORK PRACTICE REPORTS.

The Northern Railway of France agt. Carpentier and others.

pose." And *Bouvier* (*Dic. vol.* 2, *p.* 656) declares the word " wilfully " to mean, "intentionally."

Applying these definitions to the facts stated in the complaint, there can be no room for doubt, that the acts complained of were injuries to the personal property of these plaintiffs, and that the same were done wilfully or intentionally.

The defendant Felicite Dubud has, therefore, on the facts stated, committed a wilful injury to the property of these plaintiffs, and is liable to be arrested therefor.

The counsel for the defendant pressed, on the argument, as quite controlling this motion, the decision by Judge MASON, in 3 *Code Rep.* 37. In that case, the defendant had been arrested on the allegation that she had concealed, removed, or disposed of a piano belonging to the plaintiff. The judge says, that the defendant cannot be arrested except for a wilful injury to property ; and that it is difficult to understand how a mere detention or concealment of a piece of furniture is a wilful injury to it. But he says, " Had the defendant broken it to pieces, or damaged it intentionally, so that its value was thereby lessened or destroyed, that would be a wilful injury within the meaning of the act."

It seems to me that this is a direct authority for sustaining the order of arrest in this case. Here the stock and coupons have been destroyed as such : they have been converted into money, and that is, beyond all question, an injury to the plaintiffs' property. That money has been converted to the defendant's own use, not retained and concealed as the property of the plaintiffs, which would be a legal conversion, and for such Judge MASON thinks a female cannot be arrested. But I understand his opinion to sustain an order of arrest upon facts like those disclosed in this case.

Having no doubt in my own mind on the subject, I must deny the motion made to vacate the order of arrest on behalf of the defendant Felicite Dubud.