THE PEOPLE, *ex rel.* Wm. H. Burroughs, *vs.* JAMES C. WIL-
LETT, sheriff.

An action on the custom, against an innkeeper, for the loss of the baggage of
his guest, is founded on tort. It is not for "injuring or for wrongfully
taking, detaining or converting personal property;" but the gist of the
action is tortious negligence in keeping the property.

In such an action a defendant may be held to bail under the code, (§ 179,
*sub.* 1,) when he " is not a resident of the state or is about to remove there-
from," it being " on a cause of action not arising on contract." When he
has not been arrested before judgment, an execution cannot properly be
issued against his body (*Code,* § 288) on the judgment, without an order of
the court.

Such a judgment does not show a case for arrest, inasmuch as it does not show
the non-residence of the defendant, or his intent to depart the state.

The regularity and propriety of such an arrest may be inquired into on *habeas
corpus.*

A defendant so imprisoned should be discharged on *habeas corpus* if it appears
that the process on which he is detained has been issued in a case not
allowed by law, or where the process is not authorized by any judgment,
order or decree of any court, nor by any provision of law.

MOTION, upon a writ of *habeas corpus,* for the discharge
of the relator from arrest,

*John E. Burrill,* for the relator,

*Charles Tracy,* for the defendant,

PEABODY, J. The relator is detained by virtue of an exe-
cution against his body, issued on a final judgment against
him. The judgment was recovered for the value of a travel-
ing bag and contents, deposited with him for safe keeping, as
innkeeper of the Irving House in this city, the plaintiff therein
being a guest at said house. The action was brought upon
the custom of this state, which is alleged to be, that innkeep-
ers are bound to keep safely such property for their guests.
The breach alleged, for which the judgment is recovered, is that
" defendant did not keep said bag and contents safely and
without diminution, but on the contrary he and his serv-

The People v. Willett.

ants so negligently and carelessly behaved and conducted, that said bag and contents were by mere carelessness of defendant and his servants, carried away by some person unknown, and were wholly lost to plaintiff."

On this judgment an execution against the body of the defendant was issued, on which he is now in custody. The question on which the legality of the imprisonment depends is whether the execution against his body was authorized by the judgment. But there is a preliminary question here, viz: whether the regularity or propriety of that process can be inquired into in this proceeding on *habeas corpus*. Section 22, subdivision 2, of the *habeas corpus* act, (2 *R. S.* 563,) provides that persons detained by virtue of the final judgment of any competent tribunal, or of any execution issued on such judgment or decree, are not entitled to prosecute the writ. It is said that the relator comes within this class, and therefore cannot prosecute this writ. Whether he is held by virtue of an execution on a final judgment of a competent tribunal is the question raised by the preliminary objection, and the question on the merits is very much the same. The mere claim that he is so held should not, I think, conclude me. There is a case, however, in 18 *John.* 305, (*Bank of U. S.* v. *Jenkins,*) which seems to indicate that a writ of *habeas corpus* is not the proper remedy for a person detained in this manner ; and that is the principal authority on the subject. There is a difference in the cases, however. In that case, as in this, the principal question was whether the *ca. sa.* was regularly issued. There, the objection to the regularity was that the foundation for it had not been laid by a previous execution against the property to the proper county. Here, the objection is that it is not warranted by the judgment, in its own nature ; In those days an execution upon a judgment was issued by the court, theoretically at least. It had to be sealed and signed by the clerk. Now it is not even in theory issued by the court, but by the party or his attorney. That case, moreover, seems to have been but little considered. The court be-

fore whom it was brought had just denied the same relief on motion in the suit, or rather had granted it on terms which the applicant would not accept, and although the court said the writ was not the proper remedy, they did nevertheless on the same motion direct the order previously made to be modified so as to give unconditionally all the relief sought. It was therefore an election of the court in which way it would give the relief, perhaps, or a refusal to review on this writ a decision just made in a different proceeding, rather than an adjudication against the propriety of the writ, which should be deemed an authority that it is not a proper remedy in such a case. The relief asked was granted, but was credited to the account of a motion previously made and decided, rather than to that of the writ itself, although that was the only proceeding before the court at the time. Moreover, that case was before the revised statutes, under an act of 1813 not entirely similar to the present act. I am not inclined, under all the circumstances of that case, to defer to it as a controlling authority, but I shall examine to see whether the relator is detained by virtue of an execution upon a judgment of a competent tribunal. I am more ready to adopt this course, because I find in section 41 of the same act, (2 R. S. 568,) that a person may be discharged on this writ from custody by virtue of civil process from a court legally constituted, (*subd.* 4,) when the process, though in proper form, has been issued in a case not allowed by law, (*subd.* 6,) "when the process is not authorized by any judgment, &c. of any court, or any provision of law." Whether process which is set up as a justification for detention has been issued in a case allowed by law, and whether it is authorized by any judgment of a court, therefore, I am authorized by those provisions of the statute to inquire, and a decision of these questions is all that will be necessary to dispose of the matter before me.

The judgment and execution are before me, and the remaining question is whether, on the whole, this execution on such a judgment is authorized in law. The suit was brought to

The People *v.* Willett.

recover the value of certain articles, on the ground that the defendant was bound, by the custom of this state, to receive and safely keep the property of his guests, and that having received that of the plaintiff he kept it so negligently that it was lost. This custom of the realm would seem, in the absence of express contract, to take the place of it, and an action for not preserving the property according to it, would seem to be in the nature of an action for breach of contract. But on a more careful consideration, the grounds of the action appear to be, not the failure to keep safely and restore the property, which would probably be only a breach of implied contract, but the negligent, careless and improper behavior and conduct of the defendant, the wrongful (tortious) conduct of defendant and his agents, (negative perhaps, to be sure, but nevertheless wrongful and tortious,) by which the property was lost to the plaintiff. This negligent, careless, and therefore wrongful and tortious conduct, rather than the failure to fulfill the contract, is the ground of action. (*See Burkle* v. *Ells,* 4 *How. Pr.* 288 ; *Bank of Orange* v. *Brown,* 3 *Wend.* 158 ; *Brotherton* v. *Wood,* 3 *Brod. & Bing.* 54 ; 2 *Lord Raymond,* 909 ; 2 *Ct. Pl.* 150, 320; *Hallenbake* v. *Fish,* 8 *Wend.* 547 ; 4 *id.* 618.)

In the cases above cited it is settled that an action on the custom is founded on the tort or misfeasance, and not on the contract, express or implied, which often attends the transaction, and is in many of the cases given in evidence. It is often difficult to determine whether the action is on the contract or on the custom, and the confusion seems to have arisen from the difficulty in ascertaining which constituted the basis of the action, the custom or the contract, rather than whether an action ascertained to be on the custom, was founded on tort or on contract. (3 *Wend.* 168.)

The suit against Burroughs, being on the custom, was founded on tort; the judgment record shows this fact. With this fact apparent, was the execution properly issued against the body of the defendant ? Under the non-imprisonment

act, (*Laws of* 1831, *p.* 396,) by which this question would have been controlled prior to the code, he would have been liable to arrest; for, under that, a defendant in an action in tort could be held to bail. (*Burkle* v. *Ells*, 4 *How. Pr.* 288.) But by the code, which now embraces the law on the subject, the only provision under which there is any pretense for the claim, is contained in section 179, sub. 1, which authorizes the arrest of a party "in an action  *  *  *  *  on a cause of action not arising out of contract, where the defendant is not a resident of the state, or is about to remove therefrom, or where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property." It does not appear that the defendant is not a resident of this state, or being so is about to remove therefrom; nor does it appear that the action is for an injury to person or character, or for wrongfully taking, detaining or converting property, and it only remains to be considered whether it is for injuring property. On this subject the decision of the superior court, in *Tracy* v. *Leland*, (2 *Sand. S. C. R.* 729,) which has not, that I am aware, been overruled, seems to relieve us of all doubt, and leads to the conclusion that this is not an action for an injury to property. The relator was not liable to arrest, by the judgment as entered; at any rate, without an order from a judge; and whether it was a proper case for an order, cannot be decided here, for the facts do not appear. He certainly was not, in the view I have taken of the case, unless some other fact, such as non-residence or an intent to remove from the state, be superadded to all that appears in the judgment record before me. He could not, therefore, have been arrested, on the facts shown to me, under §§ 179 and 181, before judgment, and it follows, from § 288, that he was not properly arrested on the judgment obtained in that suit, and he therefore must be discharged.

My conclusions are,

*First.* That on this writ of *habeas corpus* I am authorized to inquire, 1. Whether the process, though proper in form,

is allowed by law in this case ; (2 *R. S.* 568, § 43, *sub.* 4 ;) and 2. Whether the process is authorized by a judgment, order or decree of a court, or by a provision of law. (*Id.* § 43, *sub.* 6.)

*Second.* That an action on the custom, against an innkeeper or common carrier, is founded in tort or misfeasance, and not on contract.

*Third.* That in such an action a defendant cannot properly be held to bail, except under § 179, by order of a judge, on proof, *in addition to the facts constituting the cause of action,* that the defendant is a non-resident of the state, or is about to remove thereout.

*Fourth.* That as the record of judgment in such a case does not show all the facts necessary to authorize an arrest in the suit before judgment, execution against the body cannot properly be issued on it, at least without the order of a judge, and on proof of the additional facts required to entitle the plaintiff to it.

