## CLEVELAND vs. BARROWS.

Causes of action for *deceit* in the sale of a canal boat and horses by the defendant to the plaintiff, and for *taking* certain *personal property* of the plaintiff's from such canal boat, and *converting* the same, may, under subdivision 8, of section 167 of the Code, be united in the same complaint.

Fraud is a wrong; and if a party thereby obtains from another, property, it is an injury to the property of such other, in the same sense, precisely, as though the wrongdoer had taken the property tortiously and converted it. *Per* JOHNSON, J.

Fraud belongs to the class of injuries denominated injuries to property. And such having been the established legal definition and classification of frauds, prior to the Code, it is to be presumed that it was intended to be, and was embraced in the classification of "injuries to property," in subdivision 8, of section 167 of the Code, when adopted by the legislature.

APPEAL, by the defendant, from an order made at a special term overruling a demurrer to the amended complaint.

In such amended complaint, the plaintiff alleged that on the 12th day of October, 1869, at the city of Buffalo, the plaintiff purchased from the defendant, the canal boat " S. A. Tanner, of Montezuma," all her tow lines, tackle and apparel, with all her beds and bedding, and all her furniture, chairs, tables, &c., on board said boat, with four horses, with harnesses and full gearing for towing purposes, for $1900. That at the time the plaintiff purchased said boat she was loaded with wheat, being filled upon the inside, and sunk deep down in the water, so that no examination could be made of the condition of the boat. That said horses and harnesses were all in the defendant's stable, and no examination was made of them. That during the negotiation for said purchase, at Buffalo, on the 12th day of October, aforesaid, the defendant represented to the plaintiff, that said canal boat had only been built five years; that at the time she was built he (said defendant) cut and got out the timber of which she was made, and knew her material and the manner in which she was built. That she was built of good oak timber;

Cleveland *v.* Barrows.

that she was perfectly free from decay, and never had been broken or injured in any particular or part; that she was good and sound in all respects, and in every part, as she was the day she came off the stocks. That the defendant stated and represented, during said negotiations, that said horses were all and each of them, good strong horses for towing, in good condition, and worth, altogether, $300. That said plaintiff knew nothing of either said horses or said canal boat, except from the representations and statements made concerning them by the defendant. That the plaintiff believed said statements and representations of the defendant to be true, and trusted and relied on them exclusively, in making said purchase. That said representations were each and every one of them false and untrue, and the defendant well knew said representations to be false and untrue at the time he made the same, and the plaintiff was cheated and deceived by said false representations of the defendant. That in fact and truth, said boat was upwards of seven years old, and had suffered much from decay in all her timbers. That her parts had been broken and patched with bands of iron, and said boat was in a dilapidated and ruinous condition, and not worth $900 at the time and place when said purchase was made. That said horses were poor, old and weak, and totally unfit for towing, and were not worth $5, all of which was well known to the defendant at the time he made the statements and representations aforesaid. That said representations and statements of the defendant were fraudulently made, for the purpose, and with the intent of deceiving, cheating and defrauding the plaintiff, and said plaintiff was deceived, cheated and defrauded thereby, by reason of which he sustained damage to the amount of $1000.

2d. For a further and separate cause of action against said defendant, the plaintiff alleged that said defendant did, on or about the 12th day of October aforesaid, wrong-

fully and fraudulently take and carry away articles of fur-
niture, beds, bedding, chairs, stoves, &c., from said boat,
which belonged to, and was the property of the plaintiff;
that the defendant did convert the same to his own use,
whereby said plaintiff sustained damage to the amount of
$300. Wherefore the plaintiff demanded judgment against
the defendant for $1300, besides costs and disbursements.
The defendant demurred to the complaint upon the ground
that it appeared, upon the face thereof, that several causes
of action had been improperly united therein, to wit:
one being a cause of action for fraudulent representations
in the sale of personal property; and another being for
for the wrongful taking, carrying away and converting
other personal property.

The court, at special term, overruled the demurrer, and
ordered judgment to be entered in favor of the plaintiff,
thereon; with leave to the defendant to answer, upon terms.

The following opinion was delivered by the justice, at
special term.

DANIELS, J. The demurrer to the complaint in this
case, presents the point whether a cause of action for
damages occasioned by fraudulent representations can
properly be united with one for the unlawful conversion
of personal property. By subdivision 3 of section 167 of
the Code, several causes of action for injuries to property
are allowed to be contained in the same complaint. The
terms, injuries to property, were of well known legal signi-
fication at the time of the adoption of the Code of Procedure.
They had then, and for many years previous to that time,
acquired a technical and legal signification, and from the
nature and object of the Code, must be presumed to have
been used in that sense in that act. By the signification
thus acquired, they included more than would be ordi-
narily and popularly understood by them; for, in a legal
sense, they comprehended not only what strictly could be

Cleveland *v.* Barrows.

regarded as injuries to property, but beyond that, they included such injuries as the owner sustained in his rights of property. In that sense, injuries to property included causes of action for damages resulting from fraudulent misrepresentations, and they have been so regarded and classified by text writers. (1 *Hilliard on Torts*, 511. 2 *id.* 282.)

Section 179 of the Code was referred to, as indicating a different intention on the part of the legislature, but that section does not sustain that construction; for subdivision 4 of the section does not refer to actions of this character. That is confined to cases where the action may be brought to recover the debt, as a debt which may have been fraudulently contracted. In that case it provides that the defendant may be held to bail for the fraud, even though the action may be solely brought for the recovery of the debt contracted through its instrumentality. This section, properly considered, confirms the conclusion already mentioned, for it has only provided for the arrest of a party sued for the recovery of damages created by fraud, under the general designation of injuries to property. (*Subd.* 1, § 179.) That cause of action, in this instance, was properly united with the cause of action for the conversion of personal property. The plaintiff must, therefore, have judgment on the demurrer, with leave to the defendant to answer in twenty days, on payment of the costs of the demurrer.

*De L. Stow*, for the appellant.

I. No causes of action can be joined except as expressly provided in section 167 of the Code. In the case at bar, the joinder of the two causes of action is improperly made, unless it comes within the provisions of subdivision one of this section. The court below properly held that it does not. (*Anderson* v. *Hill*, 53 *Barb.* 246. *Sweet* v. *Ingerson*, 12 *How.* 332. *Flynn* v. *Bailey*, 50 *Barb.* 78.)

II. The court below improperly held that such joinder was properly made under subdivision 3, section 167 of the Code, to wit: "Injuries with or without force to person or property, or either." This was manifestly error. The decision was based upon the assumption that at the time of the adoption of the Code, the term "injuries to property" had acquired a legal and technical signification, and was so used in that act, and in that sense included actions for damages for deceit in the sale of property. Prior to the adoption of the Code, text writers differed in their classification of actions for injuries; and although *Hillard, on Torts*, (a Massachusetts author,) sustains the opinion of the court below, the leading text writers of this State placed actions for deceit in a different class, to wit: "Injuries to the rights of property, or personal rights." And while laying down the rule that "injuries to personal rights, in their more extended sense, includes injuries to person and property," he classifies actions for deceit as "an injury to a mere personal right." (*Graham's Practice*, 84 *to* 90, 2*d ed.*) The classification here laid down is as follows: 1. Injuries to the person. 2. Injuries to personal rights. 3. Injuries to property. *Blackstone* classifies injuries as follows: 1. Such as affect the rights of persons. 2. Such as affect the rights of property. (3 *Com.* 119.) And this general classification was followed and adopted by an eminent authority on the practice prior to the Code. (1 *Burrill's Practice*, 29 *to* 33.)

III. The enactment of the Code abrogated the old forms of action, and at the same time did away with the old classifications, and the question must stand or fall by the practice as it now exists under the Code. The term "property" is therein expressly defined, to wit: "The word property, as used in this act, includes property real and personal." (*Code*, § 464.) "The words 'personal property,' as used in this act, includes money, goods, chattels, things in action, and evidences of debt." (*Code*,

Cleveland *v.* Barrows.

§ 463.) The term "injury to property," as used in the Code, must be construed to mean a direct, corporeal damage or wrong done to specific property, and not to the mere personal rights, or "rights of property." (*Tracy* v. *Leland,* 2 *Sandf.* 729 *to* 731. *N. R. Co.* v. *Carpentier,* 13 *How.* 222.) By a fraud or deceit in the sale of property, no such injury is done either to "money, goods, chattels, things in action, or evidences of debt." This position is fully sustained by section 179 of the Code, which provides that "the defendant may be arrested, sub: 1. Where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property. * * * Sub. 4. When the action is brought to recover damages for fraud or deceit." The court below evidently overlooked this portion of the section when it said, "this section (179) properly considered, confirms the conclusion already mentioned, for it has only provided for the arrest of a party sued for the recovery of damages created by fraud under the general designation of injuries to property. (*Sub.* 1, § 179.) Here a clear and marked distinction is made between, 1st. Injuries to property. 2d. The taking and converting of property. 3d. Deceit. Each cause being specifically mentioned; which clearly would not have been done had the legislature intended the term "injury to property" to include causes of action for either deceit or conversion. The intent of the legislature to exclude actions for deceit from the general division of "injuries to property," is evinced in the amendments of this section. (*See* § 154 *of original Code, now* § 179. *Also amendments of* 1849 *and* 1863.) Again, in section 53 of the Code the same distinction is maintained. This section provides: "Justices of the peace shall have civil jurisdiction in the following cases: * * Sub. 2. An action for damages for injury to rights pertaining to the person, or to personal or real property. * * Sub. 9. Actions for damages for fraud in the sale, purchase or exchange

of personal property. See also section 46 of 1848, (now § 53,) and amendments of 1849, 1851, 1862, as evincing the intent above stated. The same distinction between actions for injuries to property, and injuries to personal rights, is found in section 91 of the Code, which provides for the time for the commencement of an action, to wit: "within six years." * * Sub. 4. An action for taking, detaining or injuring any goods or chattels. * * * Sub. 5. An action for criminal conversation, or for any other injury to the person or rights of another not arising on contract, and not hereinafter enumerated. All of the above sections clearly indicate that the legislature, in making use of the term "injuries to property," did not design to include therein actions for deceit. Actions for deceit can be regarded in no other light than as causes of action arising out of contract, based upon the old and well established principle "that fraud accompanied by damage gives a good cause of action;" and they have been so classified by text writers. See 1 *Burrill's Practice*, 32, 33, where deceit is classed among "injuries to the rights of property founded upon contract."

IV. The Code, section 179, provides that "no female shall be arrested in any action except for a willful injury to person, character or property." The term "willful" here means simply "designed" or "intentional." (2 *Bouv. Dic.* 656. *N. R. R. Co.* v. *Carpentier*, 13 *How.* 222.) The courts have construed the term "injury to property" to mean a corporeal damage to specific property. In *R. R. Co.* v. *Carpentier*, (13 *How.* 222,) the court held that "the identity of the property was destroyed." In *Tracy* v. *Leland*, (2 *Sandf.* 729 *to* 731,) this doctrine is more fully sustained. Here Justice Mason says: "The report," referring to 2 *Code Reporter*, 30, "if it means anything, means that the detaining of property is a willful injury to the estate or interest of the plaintiff in the property detained, and therefore subjects a female who detains it to arrest;

Cleveland *v.* Barrows.

thus giving an entirely different signification to the word 'property' from that evidently intended by the Code." And again : " It is difficult to understand how the mere detention or concealment of a piece of furniture is a willful injury to it. Had the defendant broken it to pieces or damaged it intentionally, so that its value was thereby lessened, that would be a willful injury, within the meaning of the act. But nothing of this kind is pretended. The plaintiff rests the right to arrest on the sole ground that a wrongful concealment and withholding of the property is in itself a willful injury. I cannot so understand it. The two things are in their nature entirely different, and the distinction between them is clearly stated in this very section, which authorizes an arrest, generally, where the action is for an injury to person or character, or for injuring or wrongfully taking, detaining or converting property." (*Tracy* v. *Leland, supra.*) It will here be remembered, that deceit is also distinctly stated in this section, (179,) sub. 4, as follows : " Or when the action is brought to recover damages for fraud or deceit." (*Crandell* v. *Bryan,* 15 *How. Pr.* 48. *Scudder* v. *Barnes,* 16 *id.* 534. *McGovern* v. *Payn,* 32 *Barb.* 83.) These cases hold that in an action for fraud, the defendant can only be arrested under subdivision 4. In *Wheeler* v. *Hartwell,* (4 *Bosw.* 684,) Bosworth, Ch. J., denied an application for the arrest of a female, holding " that the provisions of the Code, that 'no female shall be arrested in any action except for a willful injury to person, character or property,' (§ 179,) exempted the defendant from arrest, although she may have fraudulently contracted the debt in question."

V. The two causes of action united in the complaint are in their nature distinct and different, and the trial of each would require a distinct and different line of proof to sustain it; and on a verdict for the plaintiff, each would require a distinct and independent assessment of damages. Had these two causes of action been brought separately,

it cannot for a moment be supposed that the court would have favorably entertained a motion on the part of the defendant for the consolidation of the same. (*Dunn* v. *Mason,* .7 *Hill,* 154. *Wilkinson* v. *Johnson,* 4 *id.* 46.) And the court should sustain a demurrer to a joinder of causes of action which is not clearly within the provisions of section 167 of the Code, in every instance where it would deny the defendant's motion to consolidate, had the causes of action been separately brought.

VI. The tendency of the decisions of the courts upon section 167 has been to restrict, rather than to enlarge, its operations. (*Sweet* v. *Ingerson,* 12 *How.* 331. *Lattin* v. *McCarty,* 17 *id.* 239, 241.)

For the reasons above stated, the decision of the court at special term should be reversed, and judgment rendered for the defendant, on the demurrer.

*Box & Perkins,* for the respondent:

Whether the two causes of action set forth in the complaint are properly united, is a question upon which we have been unable to find any decision bearing directly, but insist that the joinder of the two causes of action is allowed by the Code.

I. Section 167 of the Code is as follows: " The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of, 1st. The same transaction, or transactions connected with the same subject of action. 2d. Contract, express or implied. 3d. Injuries, with or without force, to person or property, or either." * * The second count in the complaint, alleging the wrongful taking and carrying away of the plaintiff's personal property, is clearly injury to property with force, within the 3d subdivision of the above section. " Injuries to personal property are the unlawful taking and detention thereof from the owner," &c.

(1 *Bouv. Law Dic.* 636.) Taking and carrying away wood that had been previously cut, is injury to property. (*Rodgers* v. *Rodgers*, 11 *Barb.* 595. *See also* 2 *Blackstone's Com. bk.* 3, *p.* 144.)

II. Property is the right or interest which one man has in things, to the exclusion of others." (1 *Hilliard on Torts, p.* 536, 2*d ed.*) "Property is the right and interest which one man has in lands and chattels, to the exclusion of others." (2 *Bouv. Law Dic.* 394.) Fraudulent misrepresentations, believed and relied on as true by the plaintiff, by which he was induced to part with a consideration, and did not receive, in things delivered in exchange for the consideration, the qualities represented by the defendant, and relied on by himself, has sustained an injury to his right to have the chattel with the qualities represented— an injury to his property. Such misrepresentations are included in the legal meaning of the words "injury to property." (1 *Hilliard on Torts,* 355, 2*d ed.*)

III. That portion of the 3d subdivision of the above section referring to injuries *without* force, to property, was expressly intended to include injuries occasioned by false representations, slander of title, &c.; or the words "without force" have no meaning in the section.

*By the Court,* JOHNSON, J. The complaint which is demurred to contains two counts or causes of action, one for deceit in the sale of a canal boat and horses by the defendant to the plaintiff, and the other for taking certain personal property of the plaintiffs from said boat and converting the same. The demurrer is that several causes of action have been improperly united.

The court at special term held that these two causes of action were properly united in the same complaint, under subdivision 3 of section 167 of the Code. Under that subdivision a plaintiff may unite in the same complaint causes of action arising out of "injuries with or without force, to

person and property, or either." Neither of these causes of action is for an injury to the person of the plaintiff, and the question is whether they are both for injuries to property, within the meaning and intention of the Code. By section 464 of the Code, "the word property, as used in this act, includes property real and personal." Of course neither cause of action is for an injury to real property. By section .468 of the Code, the words "personal property," as used in this act, include money, goods, chattels, things in action and evidences of debt.

The cause of action for taking and converting the plaintiff's chattels is unquestionably for an injury to property as here defined, and as commonly understood. But how is it with the cause of action for the fraud or deceit in the bargain by which the plaintiff acquired his title to the boat? What property belonging to the plaintiff has that fraud injured?

By referring to the cause of action as stated in the complaint, it will be seen that it is there alleged that in consequence of the defendant's false and fraudulent statements and representations, the plaintiff was induced to pay, and did pay, $1900 for the property which was not worth at the time over $900. The presumption is, from the allegations in the complaint, that the plaintiff paid the purchase price in money. What he has paid, therefore, over and above the value of the property purchased, the defendant has obtained wrongfully, by means of his fraud. Fraud is a wrong, and if a party thereby obtains, from another, property, it is an injury to the property of such other, in the same sense, precisely, as though the wrongdoer had taken the property tortiously and converted it. The law affords the injured party the same remedy in either case. In both cases it is property wrongfully obtained. But more than this, fraud belongs to the class of injuries denominated injuries to property. It is so classified in *Hilliard on Torts*, a work of authority. Thus in vol. 1, 3d ed. 464,

chap. 17, it is said, injuries to property "include disseisin, trespass, nuisance, conversion, waste, and negligence;" and further, that "such injuries are redressed by the actions of ejectment, trespass, trover, case, and waste." And so in vol. 2, same ed. 137, chap. 26, treating of frauds, it is said, "another tort or wrong to property is fraud." Such having been the established legal definition and classification of frauds, before the Code, it will be presumed that it was intended to be, and was, embraced in the classification of "injuries to property," in sub. 3, of section 167 of the Code, when adopted by the legislature.

The demurrer was therefore properly overruled, and the order should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, February 6, 1871. *Mullin,* P. J., and *Johnson* and *Talcott,* Justices.]