DETERMINED IN THE

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### December, 1875.

---

WILLIAM B. DUNCAN AND OTHERS, RESPONDENTS, *v.*
MARGARET D. KATEN, SUED BY THE NAME OF ELLA
SHAW, APPELLANT.

*Code, § 179 — when female may be arrested under — meaning of " willful injury "
to property.*

It is the intention of section 179 of the Code to exempt females from arrest in
all cases except where the injuries specified in the Code are affirmatively
shown to be willful, and to make them subject to arrest when the injury is
attended with that element.

Any disturbance of the right of the owner of an article to have, use and enjoy
it, securely and without molestation, is an injury for which the law gives an
action, irrespective of any damage to the thing itself, in which the right of
property exists.

Accordingly, where the defendant, a female, persuaded and induced a clerk in
the employ of the plaintiffs to take from them certain gold certificates and
deliver the same to her, which she willfully converted or concealed from the
plaintiffs : *held*, that she was guilty of a willful injury to their property, and was
liable to arrest under section 179 of the Code.

*The Northern Railroad Company* v. *Carpentier* (3 Abb. Pr., 259) followed.

APPEAL from an order of the Special Term, denying a motion to
vacate an order of arrest.

The defendant was arrested on a charge of wrongfully converting
to her own use $20,000 in gold certificates, the property of the

plaintiffs. The affidavit of one Leslie showed that, while a clerk in the employ of the plaintiff, he, at the instigation of the defendant, wrongfully took the gold certificates from his employers and gave the same to the defendant, who had converted and concealed the same.

*Peter Mitchell,* for the appellant.

*Townsend & Weed,* for the respondents.

DAVIS, P. J. :

On decision at Special Term, the court gave the following opinion :

" BARRETT, J.    The defendant seeks to vacate the order of arrest upon these grounds : first, upon the merits ; second, that she is a married woman ; third, that she is a female, and as such not liable to arrest, except for a wilful injury to property.

As to the first, it is only necessary to say that the plaintiffs have made out a *prima facie* case, and that the court, under well settled rules, will not try the merits upon affidavits.    As to the second, it is by no means certain that the defendant is a married woman, and the question as to whether her relations with Katen were those of concubinage or marriage, may well be left to a jury.    It is not pretended that there was any ceremonial, nor even a present agreement.    Cohabitation is shown, and, to a certain extent, reputation. But these could very easily be shown by almost any woman similarly circumstanced, and they are rebutted by evidence of other cohabitation, indeed of loose life, and by the conceded fact (for it is testified to by Pinkerton and not denied), that the defendant hired a house of ill-fame in Thirty-first street as " Ella Shaw," and, as late as last April, signed and acknowledged a sub-lease of the same premises, in the same name.    As to the third, I am unable to distinguish the present case from that of the *Northern Railway Company of France* v. *Carpentier* (3 Abb. Pr., 259).    Whatever my own views upon this branch of the case may be, I feel bound by this decision, and am compelled to hold, while it remains unreversed, that the defendant has been guilty of willful injury to the property in question; and, so far as the plaintiffs are concerned,

has destroyed it. The motion to vacate the order of arrest, or to reduce the amount of bail, must therefore be denied, with ten dollars costs."

We think the opinion of Justice BARRETT rightly disposed of the motion on proper grounds. The defendant and her alleged husband had ample opportunity in their replying affidavits, to have shown how, when, where, and by whom they were married, if they had chosen to do so. Instead of that, they left the case to stand upon their naked assertions, which may, after all, be altogether based upon the assumption that their relations have been such that marriage would be presumed against them, and therefore might be presumed in their favor. The character of defendant seems to be such that cohabitation or reputation is of less force in favor of the presumption of actual marriage than under other circumstances they would be; and she seems to have put on and off the marital name and relation at convenience. Her actual marriage is very questionable under the conflicting affidavits, and the court was quite justifiable in regarding her relations with Katen as not those of husband and wife.

The Code (§ 179), provides that "no female shall be arrested in any action, except for a wilful injury to person, character, or property." The authorities are somewhat conflicting as to what is a wilful injury to property under this provision. In *Tracy* v. *Leland* (2 Sandf., 729), it was held that the concealment and removal of a piano by a female was not sufficient ground for her arrest; that it was necessary to show that the article itself was injured.

In *Starr* v. *Kent* (2 Code Rep., 30), and in the *Northern Railway Co.* v. *Carpentier* (3 Abb. Pr., 259) it was held, in substance, that the injury intended was a wilful injury to the property of the owner in the thing, and not merely to the thing itself; and in *Solomon* v. *Waas* (2 Hilt., 179), *Tracy* v. *Leland* was also disapproved. The weight of authority is with the cases last cited, and they seem to us correct expositions of the law. The construction turns upon the force to be given to the word "wilful." If the Code had provided that a female should only be arrested for an injury to property, there would be no doubt of her liability to arrest, whether the injury was intentional or accidental, or con-

**4**          DUNCAN *v.* KATEN.

structive. The word wilful was designed to define the nature of
the injury, so that to arrest a female it should be made to appear
that the act which the law holds to be an injury to property was a
wilful and an intentional one. Mere negligence was not to be
sufficient; nor were constructive injuries, nor accidental conse-
quences, nor any of the various wrongs which the law treats as tor-
tious quite independently of the *intention* of the actor. Many illus-
trations might be given, but it seems unnecessary. In short, we
think the manifest intention is to exempt females in all cases,
from arrest, except when the injuries specified in the Code are
affirmatively shown to be wilful; and to leave them subject to
arrest whenever the injury is attended with that element. It is
elementary that an injury to property is not necessarily in
destruction, or other damage of the article itself. The pick-
pocket who takes a watch from the owner's person may do it
no harm whatever; he may on the contrary benefit the watch, by
repairs or improvements, and having enhanced its value, sell it for
more than it was worth when stolen. Yet if all that appeared on
a trial for its value, it would be very absurd for the law to hold
that the property of the owner of the watch had not been injured.
The property is the right, and not the thing — the right to have,
use and enjoy the thing securely and unmolested — and whenever
that right is disturbed or destroyed, the law gives an action for
the injury, irrespective of the condition of the thing in which the
right or property exists. But against a female the law allows no
arrest for such injury, unless it be wilful; that is, designedly done.
The affidavit on which the appellant was arrested shows such an
injury. It shows that a clerk of the plaintiffs had delivered to
defendant about $20,000 of gold certificates, the property of plain-
tiffs, which said clerk had been induced and persuaded by her to
take from his employers and to give to her. She knew them to
be their property, and she had wilfully received and converted,
or concealed the same, in fraud of plaintiffs and with the express
intention of fleeing the country with her guilty confederate, and
had refused to surrender them to plaintiffs. It is claimed that
these acts are not a wilful injury to plaintiffs' property, because it
is not shown that she had done some physical injury to the paper

on which the gold certificates are printed and written. This is refining too technically for the benefit of crime.

The order must be affirmed, with ten dollars costs and disbursements.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.