By the Court.—Sedgwick, Ch. J.
The judgment appealed from was entered upon an assessment of plaintiff’s damages after a demurrer to the complaint bad been overruled and final judgment ordered for plaintiff. The appeal involves the correctness of the order overruling the demurrer. The demurrer was placed upon two grounds ; first, that causes of action were improperly joined ; and second, that the allegations of the first alleged cause of action are not sufficient to constitute a cause of action.
The first alleged cause of action was, that by false and fraudulent representations, the defendant had induced the plaintiff to sign a bond conditioned for the payment of $1,700, and also a mortgage upon plaintiffs’ real estate, to secure the payment of the bonds which were made to a third person by defendant’s request, to whom defendant delivered them, receiving therefor from the third person $1,700. The other alleged cause of action was for the conversion of personal property belonging to plaintiff.
The appellant’s counsel argues that the joinder is not justified by the code, unless by subdivision 6 of the 484th section, that provides that the plaintiff may unite causes of *240 action for injuries to personal property. The further claim is, that the first cause of action is not for an injury to personal property.
Cleveland v. Barrows (59 Barb. 374), satisfactorily decides this point. The opinion is, “Fraud is a wrong, and if a party thereby obtains from another, property, it is an injury to the property of such other in the same sense precisely as though the wrongdoer had taken the property tortiously and converted it. The bond signed by- the plaintiff was her property, and the complaint alleges that the defendant obtained it from her by false pretenses. This only affected personal property, for the mortgage which affected the real property was distinct and different from the bond. That she had a property in the bond after she signed, and before it was delivered to the obligee by the defendant, is shown by Decker v. Matthews (12 N. Y. 313), and the cases which have followed it. There was therefore no misjoinder of causes of action.
The important objection to the sufficiency of the allegation to form a statement of a cause of action is, that the complaint does not aver directly that the defendant knew that the representations he made were false. But if the allegations imply that he knew they were false, it seems to be enough, under the case of Marie v. Garrison (83 N. Y. 28). It was said in that case, “Bearing in mind that what is implied in an averment is on demurrer to be taken as if the thing implied is directly averred, and that an argumentative pleading is not for that reason demurrable, we conclude, although not without some hesitation, that an averment of refusal to exchange does import that the other party offered to do that without which no exchange could be effected, viz., that he tendered the property or thing which was the consideration of that which he was to receive, and which he called on the other party to deliver.”
The complaint avers that with intent to deceive and defraud this plaintiff, the defendant falsely and fraudulently stated and represented certain matters of fact as to his own financial condition and as to property owned by him. These *241 were things that the law would presume were within his knowledge. Such averments imply a charge that the defendant knew the representations to have been false, or that he knowingly made them. '•
There is another objection, that the complaint does not show, that the plaintiff was or will be damaged by the fact of the bond being delivered to the third person after having been obtained by 'the defendant. On the facts stated there is a liability upon the bond by the plaintiff to the third person, and a presumption that she will be obliged to pay, and no presumption that the defendant will indemnify ■her, after he has been guilty of the tort charged. Again, there are some damages, and the assessment of them is not under review.
Judgment affirmed with costs.
O’GIorman, J., concurred.