Gilbert vs. Loberg and another.

---

Gilbert, Appellant, vs. Loberg and another, Respondents.

*September 3 — October 25, 1892.*

*Pleading: Joinder of causes of action.*

Deceit in the sale of a horse is an injury to property without force,
within the meaning of subd. 3, sec. 2647, R. S., and a cause of action
therefor may be united with a cause of action for an injury to
realty by waste.

APPEAL from the Circuit Court for *Shawano* County.
The complaint alleges two causes of action, the first being
to the effect that the defendants, as copartners, jointly hold-
ing possession of the premises described as tenants of the

plaintiff, did in November, 1891, tear down and remove from said premises a valuable barn, being a part of the realty, and of the value of $100, and for which *waste* the plaintiff claims under the statutes double damages. The second cause of action alleged that in February, 1891, the defendants, as such partners, jointly by deceit induced the plaintiff to purchase of them a horse that was worthless, and pay them therefor $50, and that said horse ran away, injuring the plaintiff, for which he claims $100 damages.

. To that complaint the defendant demurred on the ground that the two causes of action alleged were improperly united. From an order sustaining that demurrer the plaintiff appeals.

For the appellant there was a brief by *Thorn & Guernsey,* and oral argument by *Gerrit T. Thorn.*

For the respondents there was a brief by *M. J. Wallrich,* attorney, and *Sanborn & Kerr,* of counsel, and oral argument by *A. L. Sanborn.*

CASSODAY, J. The statutes applicable to the case at bar are to the effect that " the plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, where they arise out of . . . (3) injuries, with or without force, to person or property, or either." Sec. 2647, R. S. This section also includes six other classes of actions, and expressly provides that the several " causes of actions so united must all belong to *one* of these classes, and must affect all the parties to the action, and not require different places of trial, and must be stated separately." Each of the two causes of action here alleged affects all the parties to the action, and is stated separately, and they do not require different places of trial.

The only remaining question is whether the two causes of action thus alleged both " belong to *one*" of the seven different classes of actions mentioned in the section of the

Gilbert vs. Loberg and another.

statute cited.   The prayer of the complaint is simply for a money judgment for the aggregate damages sustained and costs.   The damages claimed for waste to the real estate are certainly for an injury to property with force.

The question, then, is whether the claim for damages for deceit in the sale of the horse is for an injury to property without force, for, if it is, then it belongs to the same class of actions, and the two are properly united.   Under similar statutes, it has been frequently held that the words ". injuries, with or without force, to . . . property," include all injuries which a person sustains in his *rights of property.*   *Cleveland v. Barrows,* 59 Barb. 374; *De Silver v. Holden,* 50 N. Y. Super. Ct. 240, 6 Civil Proc. R. 124; *Clark's Adm'x v. H. & St. J. R. Co.* 36 Mo. 214; *More v. Massini,* 32 Cal. 590.   This being so, it necessarily includes a cause of action for fraud or deceit, whereby the plaintiff has suffered injury or damage by reason of having parted with his property or put himself under obligations to do so.   *Ibid.*   See, also, Pom. Rem. & Rem. Rights, § 495; Maxw. Code Pl. 351.   Thus, in *Cleveland v. Barrows,* 59 Barb. 374, it is said: " Fraud is a wrong, and if a party thereby obtains from another property, it is an injury to the property of such other, in the same sense, precisely, as though the wrongdoer had taken the property tortiously and converted it.   The law affords the injured party the same remedy in either case.   In both cases it is property wrongfully obtained. . . .   Fraud belongs to the class of injuries denominated 'injuries to property.'"   It may be added that unless fraud and deceit be regarded as injuries to property,— that is to say, to the rights of property,— they do not come within any of the seven classes of cases mentioned in the statute cited.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.