HAVERLUND, Respondent, vs. CHICAGO, ST. PAUL, MINNE-APOLIS & OMAHA RAILWAY COMPANY, Appellant.

*September 13—October 25, 1910.*

*Negligence: Same act cannot be both ordinary and gross negligence: Inconsistent verdict: Pleading: Joinder of causes of action: Trial.*

1. The same act cannot constitute both ordinary negligence and gross negligence, the two being separate and distinct legal wrongs, one involving inadvertence and the other involving at least a sufficient degree of intent to be inconsistent with inadvertence.

2. A special verdict finding that defendant's brakeman, in assisting plaintiff to ascend the steps of the car, did not exercise ordinary care, and also that in so doing he exerted "force upon plaintiff in a wilful and wanton manner, either intentionally or without any regard to whether she might or might not suffer personal injury through his acts," is uncertain and indefinite, and judgment for plaintiff should not be awarded thereon. TIMLIN, J.,

is of the opinion that the findings are not inconsistent, and that the latter finding should in this case have been stricken out or disregarded because not within the issues made by the pleadings.

3. One who has suffered injury from actual misconduct of another but does not know whether such misconduct constituted ordinary negligence or gross negligence, may set out the wrongful act in different counts alleging different causes of action, for the purpose of meeting the different and conflicting inferences that may reasonably be drawn from the evidence adduced.

4. If in such case the evidence or the reasonable inferences therefrom be so conflicting as to require that a jury determine which of the alleged causes of action, if any, is sustained thereby, the trial court should inform them of their duty to determine this question and require them to find which cause of action, if any, has been established.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Reversed.*

On April 1, 1908, the plaintiff was a passenger on the defendant's passenger train from the city of Stillwater, Minnesota, to the village of Knapp, Wisconsin. It was necessary for her to change cars at the city of Hudson and there take a train which would carry her to Knapp. A brakeman of the defendant company assisted passengers from and onto the cars. The complaint states:

"That the said plaintiff relied upon said aid and assistance of the agents of said defendant in charge of said train, to wit, one of its brakemen on said train, and relying upon said aid and assistance of said brakeman attempted to board said train, and that while attempting to board said train with the aid and assistance of said brakeman one of the feet of said plaintiff slipped on one of the car steps of said car and said plaintiff was thrown or jerked against the car of said train and thereby suffered severe and permanent injuries.

"That said defendant was negligent for the reason that the said defendant, its officers and agents, had negligently and carelessly failed to provide safe and sufficient steps on its said cars by reason of the fact that the said defendant, its officers and agents, had negligently and carelessly allowed snow

and ice to form and remain on said car steps, with knowledge at all times that the presence of snow and ice on said car steps was wholly unsafe and dangerous to its said passengers and this plaintiff, and had negligently and carelessly failed to prevent such slippery condition, caused by such accumulation of snow and ice, by negligently and carelessly failing to throw ashes and sand thereon, and in negligently and carelessly failing to remove said slippery condition and such accumulation of snow and ice, and in negligently failing to prevent the forming of such slippery condition.

"That the said defendant, its officers and agents, was negligent for the reason that it negligently and carelessly failed to warn its said passengers and this plaintiff of the unsafe, defective, and slippery condition of said car step, and that it was unsafe and dangerous for the said plaintiff to board said train without such warning.

"That said defendant was negligent for the reason that it negligently and carelessly failed to provide sufficient and competent servants and brakemen to properly aid and assist its passengers and elderly, infirm, and enfeebled passengers and this plaintiff upon its said trains.

"That said defendant was negligent for the reason that the servant and brakeman assisting said plaintiff on said train negligently and carelessly aided and assisted said plaintiff upon said train and the said brakeman was negligent in helping and assisting the said plaintiff upon said train."

On the trial the plaintiff testified that as she stepped onto the car step a stranger had hold of her arm and was assisting her; that her foot with which she stepped onto the car step slipped from the car step to the depot platform; that as she was falling, the brakeman, who stood upon the car steps,

"jumped up and grabbed me with both arms and kind of throwed me around against the iron banister or baluster that went up the steps, right at the head, and he hit this hip against the bar, and then it pained and I felt there was something hurt, that is, some kind of a give, and from that on it pained until I just got crazy. That is the first that I felt pain in my hip was when he throwed me against that baluster awful hard. I tried to get up onto this foot, but I

found I couldn't use that foot at all, but he just took me not waiting, kind of dragged me in the aisle and set me in the second or third seat in the car."

The brakeman testified to the effect that he did not take hold of the plaintiff and jerk and throw her against the iron railing, and that he rendered her the assistance necessary to help her into the car in her infirm and apparently crippled condition.

At the conclusion of the plaintiff's case the defendant moved to strike out the evidence of wilful misconduct on the part of the brakeman as not within the issues raised by the pleadings, and for a nonsuit on the ground that the evidence did not show liability on the part of the defendant within the issues raised by the pleadings. The motion was overruled.

At the conclusion of the evidence the court allowed an amendment to the first paragraph of the complaint quoted above, so that it should read as follows, after where it says, "one of the feet of said plaintiff slipped on one of the car steps of said car:"

"and said plaintiff while so being assisted by said defendant's brakeman upon said train was negligently and carelessly thrown, jerked, pushed, or hit by said brakeman against the car of said train and thereby suffered severe and permanent injury."

A motion to strike out the evidence of wilful misconduct on the part of the defendant's brakeman and a motion to direct a verdict for the defendant were denied by the court.

The court denied plaintiff's motion to reject question No. 1 of the special verdict or to modify it, and refused to submit the list of questions prepared by the plaintiff and one prepared by the defendant. While the case was being argued by counsel, the court added question No. 7½ to the ten questions theretofore prepared by the court. Plaintiff's objection to the submission of this question was also overruled.

The jury found by the special verdict that the plaintiff

did not sustain her injuries by slipping from the first step of the car to the station platform; that the step was slippery by reason of the ice accumulated thereon; that its slippery condition caused the plaintiff to slip thereon at the time she stepped upon it; that the accumulation of ice upon the step was not the result of a want of ordinary care on the part of the defendant, and that it was not the proximate cause of the plaintiff's injuries. The following questions were also submitted to and answered by the jury:

"(6) Did the plaintiff sustain her injuries by the striking of her hip against an iron bar or railing at the top of the car steps, at the time the brakeman lifted or jerked her up to the platform in the vestibule outside the car door? A. Yes.

"(7) If you answer the last question 'Yes,' then did defendant's brakeman exercise ordinary care in assisting the plaintiff to enter defendant's car at the time he assisted her from the car steps to the platform of the vestibule? A. No.

"(8) If you answer 'No' to question No. 7, then answer this: Ought the defendant's brakeman reasonably to have foreseen that some injury might probably result to plaintiff from the manner in which he assisted plaintiff up the car steps and into the car at the time in question? A. Yes.

"(7½) If you answer question No. 7 'No,' then in taking hold of and assisting the plaintiff up the steps of said car, did the brakeman in so doing exert force upon the plaintiff in a wilful and wanton manner, either intentionally or without any regard to whether she might or might not suffer personal injury through his acts? A. Yes."

The jury also found that the plaintiff was not guilty of any want of ordinary care contributing to produce her injuries, and assessed the damages. The court denied motions to change the answers to some of the questions of the special verdict, and judgment was entered in plaintiff's favor for the sum awarded, with costs, upon the verdict as rendered. This is an appeal from the judgment.

For the appellant there was a brief by *Jas. B. Sheean* and *Bundy & Wilcox,* and oral argument by *R. P. Wilcox.*

*W. H. Frawley* and *T. F. Frawley,* for the respondent.

SIEBECKER, J.    The complaint charges ordinary negligence in two respects, namely, that the railroad company carelessly allowed snow and ice to accumulate on the car steps, causing plaintiff to slip and injure herself, and that the defendant's brakeman assisted the plaintiff to ascend the car steps in a careless and negligent manner and thereby caused her to be thrown against a railing near the car entrance and injured.    The defendant company denied the negligence charged in the complaint.    The defendant avers that the trial court erred in overruling its motions for a nonsuit, for the direction of a verdict, for changing the jury's answers to questions in the special verdict, and for judgment notwithstanding the verdict.    All these motions are based on the claim that the evidence does not sustain the cause of action alleged in the complaint.

From the evidence in the case it appears that the trial court correctly held that the evidence permitted inferences tending to support either the charge of ordinary negligence, as alleged in the complaint, or that of gross negligence on the part of the defendant's brakeman.    Conformably to its view, the trial court submitted to the jury appropriate inquiries under the issues litigated respecting the alleged negligence, of the slippery condition of the car steps, and the alleged negligent conduct of the brakeman, and whether or not the negligence thus alleged was the proximate cause of plaintiff's injuries. By a separate question (No. 7½) the court also required the jury, in case they found the brakeman was guilty of a want of ordinary care in assisting plaintiff to ascend the steps and enter the car, to determine whether or not the brakeman, in rendering such assistance, exerted "force upon the plaintiff in a wilful and wanton manner, either intentionally or without regard to whether she might or might not suffer personal injury through his acts."    The jury by their verdict negatives the claim that the plaintiff was injured by the slippery condition of the car steps and that she was guilty of any con-

tributory negligence, and found that the plaintiff's injuries were sustained by striking her hip against an iron bar at the top of the car steps at the time the brakeman lifted or jerked her onto the platform in the vestibule outside of the car door. They found that the brakeman did not exercise ordinary care in so assisting her and (question No. 7½) that he exerted "force upon the plaintiff in a wilful and wanton manner, either intentionally or without any regard to whether she might or might not suffer personal injury through his acts." The trial court considered that the evidence permitted these different inferences characterizing the brakeman's conduct, and that the state of the evidence made it appropriate for the jury to determine if he was guilty of ordinary negligence as charged in the complaint and of gross negligence as specified in question No. 7½.

We regard it as established by the verdict that the jury found the brakeman was guilty of a want of ordinary care (question No. 7 of the verdict). The trial court, in denying the different motions of the defendant, held that the verdict established that the brakeman did not exercise ordinary care while assisting the plaintiff to board the car and that this sustained the cause of action alleged in the complaint, namely, that the defendant was guilty of ordinary negligence. Were this the only finding in the verdict on this subject, it would present a consistent verdict sustaining the cause of action alleged and entitle the plaintiff to judgment in her favor. Does the finding of the jury in answer to question No. 7½, that the brakeman exerted "force upon the plaintiff in a wilful and wanton manner, either intentionally or without any regard to whether she might or might not suffer personal injury through his acts," negative the finding that he was guilty of a want of ordinary care as alleged in the complaint and as found in answer to question No. 7? The court in awarding judgment on the verdict construed this finding as establishing that the brakeman's conduct amounted to

gross negligence and awarded the plaintiff judgment on the theory that "in a suit alleging want of ordinary care on the part of defendant, there is not, and cannot be, any inconsistency in logic or in principle, or any harm to the defendant, in allowing a recovery for any sort of wrong which betokens lack of that carefulness which the law demands," and that the defendant owed the duty of carefulness to the plaintiff, for breach of which the plaintiff could recover, and it was therefore immaterial whether the breach of duty amounted to mere inadvertence or to such wilful and wanton recklessness as is deemed equivalent to an intent to injure, and which in the decisions of this court is termed "gross negligence." This subject has received repeated treatment in our former decisions, the result whereof is briefly stated in the case of *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636, 98 N. W. 536, in these words:

"This court has held that, where the complaint simply charges negligence or want of ordinary care, there can be no recovery on the ground of wilful injury, or that reckless and wanton disregard of another's rights equivalent to wilful injury, which has been termed 'gross negligence,' because this is a different cause of action. Is the converse of the proposition true? We think it must logically be so held."

See, also, *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446, where it was said:

"Inadvertence, in some degree, is the distinguishing characteristic of negligence, while misconduct of a more reprehensible character, characterized by rashness, wantonness, and recklessness of a person as regards the personal safety of another, has been designated by this court as gross negligence."

"That involves a sufficient degree of intent at least to be inconsistent with inadvertence." *Rideout v. Winnebago T. Co.* 123 Wis. 297, 101 N. W. 672.

It is therefore erroneous to treat these two species of wrongs as of the same character and kind and to hold that

the acts of a person, amounting to a wilful wrong and termed "gross negligence," are the same as the wrongful acts or omissions of a person flowing from an inadvertent failure to do his duty toward another. *Watermolen v. Fox River E. R. & P. Co.* 110 Wis. 153, 85 N. W. 663; *McClellan v. Chippewa Valley E. R. Co.* 110 Wis. 326, 85 N. W. 1018; *Rideout v. Winnebago T. Co., supra; Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271. This subject and the decisions thereon in this court have been given an exhaustive re-examination on this appeal and in the case of *Astin v. C., M. & St. P. R. Co., post,* p. 477, and as a result we are persuaded that the views expressed in former cases involving this question are correct in principle and reason and must be adhered to. We therefore hold that the court erred in awarding judgment on the verdict in the instant case, because the jury found in answer to question No. 7 that the brakeman's conduct in assisting the plaintiff on the train amounted to a want of ordinary care, and in answer to question No. 7½ characterize the same conduct as gross negligence.

The trial court considered that different inferences were permissible from the evidence on this question, resulting either in a finding that the brakeman's conduct constituted a want of ordinary care or gross negligence. This we believe is borne out by the record. But that does not justify the conclusion that it can be both ordinary negligence and gross negligence, because the same acts are not legally capable of constituting ordinary negligence and gross negligence, for the reason that acts which constitute a want of ordinary care, termed "ordinary negligence," are composed of elements and ingredients differing in nature from those which constitute a wilful wrong, termed "gross negligence," and the two are, therefore, in a legal sense, separate and distinct legal wrongs. From this it follows that the verdict as found cannot stand.

The trial court suggested that under the circumstances here presented it would probably result in hardship and prob-

able injustice to the plaintiff if she were required before trial, when she could not know the precise nature and limits of the defendant's liability, to elect whether to stand on a cause of action either for ordinary negligence or for gross negligence. The perplexity of this situation is no doubt a real one and demands that the difficulty be resolved by adopting a procedure which will enable both parties to an action to try out the controversy in such a way as to afford them protection in their rights and also afford an opportunity for redress of the wrong actually inflicted.    The case of *Astin v. C., M. & St. P. R. Co., supra,* presents this question on an appeal from a ruling requiring the plaintiff to elect in advance on what cause of action he would stand, and it was there considered and held that where a person alleged that he suffered damages by the wrongful acts of another, arising out of one transaction, and he cannot know from the evidence available to prove such actionable misconduct whether it constitutes ordinary negligence or gross negligence, then the party may set out the wrongful act in appropriate form in separate counts alleging different causes of action, for the purpose of meeting the different and conflicting inferences of fact that may reasonably be drawn from the evidence adduced.    Such a pleading is fully justified, for it preserves the plaintiff's rights to obtain relief for the wrong which it may be found on the trial was actually committed against him, and it operates justly to the party charged, for it fully informs him of the wrong the plaintiff seeks to redress and apprises him that the plaintiff will stand on the cause of action which the court or jury may find is established by the proof, and it enables the defendant to join issue and plead thereon his appropriate defenses.    Nor will such a course involve any unusual difficulties in administration in the course of the trial.    If it appears at the conclusion of the plaintiff's case or when all the evidence has been received that the evidence will not, as matter of law, sustain any one or more of the alleged causes of

.action, it then devolves on the court to so hold and to submit
the case made, if any, to the jury for determination under
.appropriate instructions.   Should the evidence or the reason-
able inferences therefrom be so conflicting as to require that
.a jury determine which of the alleged causes of action, if any,
is sustained thereby, then the trial court must inform them
of their duty to determine this question and require them to
find which cause of action, if any, has been established.
This course of procedure is a proper one within the principles
enacted by the Code regulating proceedings in civil actions
and tends to award a certain remedy for the wrong alleged,
and prevents delays and multiplicity of actions to enforce re-
dress for one wrong.   In view of the discussion of this ques-
tion and the collection of the adjudications in *Astin v. C., M.
& St. P. R. Co., supra,* further elaboration is not deemed es-
sential at this time.

We are constrained to hold that the verdict rendered in
this case is uncertain and indefinite by reason of finding the
defendant guilty of both ordinary negligence and gross neg-
ligence as regards an alleged wrong which could constitute
but one cause of action, and that the judgment could not be
awarded thereon.

If the plaintiff deems it advisable to apply to amend the
complaint by adding a separate count alleging a cause of ac-
tion for gross negligence the privilege should be granted.

*By the Court.*—Judgment reversed, and the cause re-
manded for a new trial.


TIMLIN, J.   In the case of *Astin v. C., M. & St. P. R. Co.,
post,* p. 477, it is ruled that the one wrongful transaction
which caused death may be set forth by the administrator in
two counts in the complaint, one charging wilful wrong or
gross negligence and the other charging ordinary negligence.
This seems to be expressly authorized by sec. 2647, Stats.
(1898), referred to in Maxwell, Code Pl. pp. 351, 352;

Bliss, Code Pl. § 129; *Gilbert v. Loberg,* 83 Wis. 189, 53 N. W. 500; *Cleveland v. Barrows,* 59 Barb. 364.   I think there is much in the opinion in this case logically inconsistent with the statute and with the *ratio decidendi* of *Astin v. C., M. & St. P. R. Co., supra.*   There is nothing new or extraordinary in applying the rule of *Whitney v. C. & N. W. R. Co.* 27 Wis. 327, and the statute above referred to to negligence cases. The plaintiff was a passenger; the defendant was liable to her whether the act of the brakeman was wilful or his negligence gross or ordinary.   There is here a verdict conforming to the pleadings which charged ordinary negligence and acquitting the plaintiff of contributory negligence.   The trial judge on his own motion submitted and the jury found, in addition, another ground of liability not pleaded, namely, that the brakeman committed a wilful wrong upon the plaintiff or was guilty of gross negligence.   The defendant would be liable to the same extent and to the same amount for this wrong as for the wrong pleaded.   I think the best disposition of the case would have been to strike out or disregard as a mere unauthorized excrescence the finding of the jury to the effect that the brakeman was guilty of wilful wrong or gross negligence, because not within the issues made by the pleadings.   I see no inconsistency, however, in these findings in the suit of a passenger.   For each act the principal is alike responsible, and while the acts differ, perhaps, in the matter of intention as regards the brakeman, they do not at all differ as regards the defendant, his employer.