Canning, Respondent, vs. Chicago & Milwaukee Electric Railway Company, Appellant.

*March 15—June 13, 1916.*

*Street railways: Negligence: Collision with vehicle: Special verdict: Sufficiency: Instructions to jury: Positive and negative testimony: Contributory negligence: Questions for jury: Witnesses: Competency: Physicians and surgeons: Appeal: Harmless error.*

1. Plaintiff drove out of an alley and started to cross a street from east to west in the middle of a block but, seeing one of defendant's street cars coming south on the west track, stopped his team so that the horses stood partly over the east track. The car stopped about forty feet north of him and he started his horses again, but the car also started and struck his wagon and injured him. The jury found that the motorman was not guilty of gross negligence in the operation of his car; that he could by the exercise of ordinary care have seen the plaintiff in time to have avoided the collision; and that such want of ordinary care was the proximate cause of plaintiff's injuries. *Held,* that negligence of the defendant was sufficiently found.

2. Several witnesses having testified that they saw plaintiff stop, others that they did not observe him stop, an instruction as to the relative weight of positive and negative testimony was properly given.

3. The stopping of the car as stated might well be taken by plaintiff as an invitation to cross first even though the car had the right of way, and it cannot be said as matter of law that he was guilty of contributory negligence in attempting to cross ahead of the car.

4. Plaintiff having testified that he told the physician whom he con-
sulted that he was unable to retain his urine, it was error to ex-
clude testimony of the physician that plaintiff did not tell him
so; but the error should not in this case work a reversal, there
being other evidence which quite satisfactorily showed severe
injury.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action begun in the civil court to recover damages for per-
sonal injuries.   About 5 o'clock in the afternoon of Febru-
ary 13, 1914, plaintiff was injured by being struck by one of
defendant's street cars while crossing Fifth street between
Grand avenue and Wells street.   Plaintiff was driving a two-
horse express wagon.   He stopped at Skiles bakery in the
alley between Grand avenue and Wells street to load some
bread boxes.   He then drove out of the alley from the east
and started to cross Fifth street to enter the alley on the west
side of the street.   When he was about on a line with the
sidewalk, as he sat on the seat of the wagon he looked north
and south to see if any cars were approaching.   There is evi-
dence to the effect that he saw a car to the north coming south
on the west track and stopped his team so that the horses stood
partly over the east track; that as the car came to a dead stop
about forty or forty-five feet north of the alley he concluded
that the motorman intended to let him across and started his
team.   The pavement was icy and he urged his horses rather
sharply, as they could get better footing if going a little fast.
The motorman started the car just after plaintiff started his
horses and failed to give any warning.   When plaintiff be-
came aware that the car was approaching he was too far over
the track to back off and therefore he tried to urge his team
across ahead of the car.   He failed to do this, and the car
struck the wagon about the middle and threw plaintiff against
the front of the car.

The jury found: (1) That plaintiff was injured at the time
and place alleged; (2) that the car stopped after it left Wells

street and before it struck the wagon; (3) that the team stopped after it emerged from behind Skiles bakery and before the collision took place; (4) that the motorman was not guilty of gross negligence in the operation of his car; (5) that the motorman could by the exercise of ordinary care have seen the plaintiff in time to have avoided the collision; (6) that such want of ordinary care was the proximate cause of plaintiff's injuries; (7) that the plaintiff could not by the exercise of ordinary care have seen or heard the approaching car in time to have avoided the collision; (8) that plaintiff was not guilty of any want of ordinary care which proximately contributed to his injuries; and (10) damages $1,898. From a judgment for plaintiff entered upon the special verdict, the defendant appealed to the circuit court. The circuit court affirmed the judgment of the civil court, and from a judgment entered accordingly the defendant appealed to this court.

For the appellant there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *W. D. Corrigan.*

The following opinion was filed April 11, 1916:

VINJE, J. Error is assigned because the special verdict did not properly submit the issue of defendant's negligence to the jury. The fifth question covers that issue properly and is in form substantially as proposed by the defendant. It finds a want of ordinary care on the part of the motorman under the circumstances shown by the evidence. It is a verity that the car ran into the plaintiff. By negativing gross negligence the jury found that the motorman did not wilfully run into him. The collision, therefore, occurred through inadvertence on the part of the motorman. This inadvertence the jury finds to be his failure to observe plaintiff in time to

avoid the collision, evidently relating to a time after he stopped as found by the jury; and the jury find such failure to observe was due to a want of ordinary care, for had he exercised such care he could have stopped the car in time to avoid a collision. The findings taken together amount to a finding that the collision occurred through a want of ordinary care on the part of the motorman. Such finding is sustained by the evidence. This want of ordinary care is found to be the proximate cause of plaintiff's injury. Hence the negligence of defendant is sufficiently found.

The court gave an instruction as to the relative weight of positive and negative testimony. In view of the answers given by the jury this became material only as it bore on question 7, relating to plaintiff's contributory negligence, and only in respect to whether or not plaintiff stopped as the jury found he did. Several witnesses testified that they saw him stop, others that they did not observe him stop. In such state of the evidence the instruction was proper.

It cannot be said as a matter of law that plaintiff was guilty of contributory negligence in attempting to cross ahead of the car. The stopping of the car in the middle of the block and about forty feet away from him might well be taken by him as an invitation to cross first, even if the car did have the right of way. His conduct was properly left to the jury to characterize as negligent or not.

Plaintiff after the accident consulted Dr. J. E. Purtell, who treated him for some time. Upon direct examination plaintiff, in testifying about the result of his injuries, said among other things that he was unable to retain his urine and that when he visited Dr. Purtell about the 18th of May he told the doctor about it, that is, about his inability to retain his urine. Defendant put Dr. Purtell on the stand for the purpose of denying that plaintiff on the 18th of May or at any other time told him so. The evidence was excluded on the ground that under sec. 4075, Stats. 1915, the doctor was dis-

qualified to testify as to what plaintiff told him.    The exclusion of such evidence was error.    Plaintiff opened the door for it on his direct examination when he stated what he told the doctor.    Had he not done so, of course the doctor could not have testified on the subject against plaintiff's objection. In view, however, of other evidence which the jury was warranted in believing and which quite satisfactorily shows severe injury, we have reached the conclusion that the error does not demand a reversal of the judgment.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 13, 1916.