MARKHAM, Respondent, vs. HIPKE, Appellant.

*March 5—April 2, 1919.*

*Evidence: Privileged communication to physician: Contempt of court.*

·The privilege granted by sec. 4075,' Stats.—providing that no physician shall be *permitted* to disclose information acquired in attending a patient and which was necessary to enable him to prescribe,—is the privilege of the patient, not of the physician. The refusal of a physician, therefore, to disclose such information upon his adverse examination under sec. 4096, Stats., in an action against him for malpractice, after the patient had expressly waived said privilege and he had been ordered by the court to answer, was a contempt of court.

APPEAL from orders of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *McGovern, Hannan, Devos & Reiss* of Milwaukee, and oral argument by *Timothy J. Hannan.*

For the respondent the cause was submitted on the brief of *Lehr & Kiefer,* attorneys, and *Julius E. Kiefer,* of counsel, all of Milwaukee.

WINSLOW, C. J. The action is for malpractice. The defendant, a physician, was being examined adversely before trial, under sec. 4096, Stats., and refused to disclose information received by him while treating the plaintiff as a patient and which was necessary to enable him to prescribe, although the plaintiff expressly waived the statutory privilege of secrecy and he was ordered to answer by the court. For this refusal he was adjudged guilty of contempt, and appeals.

The sole question presented is whether the privilege granted by sec. 4075, Stats., is the privilege of the patient or of the physician. We think it is unquestionably the privilege of the patient. This was so held in *Boyle v. Northwest-*

*ern M. R. Asso.* 95 Wis. 312, 70 N. W. 351, when the statute provided that no physician should be *compelled* to disclose such information. By ch. 322, Laws 1911, the section was amended by substituting the word *permitted* for the word *compelled* and by adding a provision allowing the information to be disclosed by the physician as a witness in his own behalf in a civil action for malpractice and in a criminal action therefor, when the patient or his legal representatives shall have first given evidence relating thereto.

It was not entirely easy to construe the word *compelled* as giving the privilege to the patient, as may be seen by examination of the opinion in the *Boyle Case,* but it is very easy to so construe the word *permitted.* The latter word means practically the same as *allowed,* which is the word used in secs. 4074 and 4076, Stats., protecting communications made to clergymen and attorneys respectively, and this latter word has generally, if not uniformly, been construed as granting the privilege to the penitent or the client, as is pointed out in the *Boyle Case.*

Cases decided in this court since the last named change was made inferentially if not directly sustain this view. *Canning v. Chicago & M. E. R. Co.* 163 Wis. 448, 157 N. W. 532; *McGinty v. Brotherhood of Railway Trainmen,* 166 Wis. 83, 164 N. W. 249; *Casson v. Schoenfeld,* 166 Wis. 401, 166 N. W. 23.

*By the Court.*—Orders affirmed.

KERWIN and ROSENBERRY, JJ., took no part.