ANGERSTEIN, Respondent, vs. MILWAUKEE MONUMENT
COMPANY, Appellant.

*May 28—June 25, 1919.*

*Negligence: Sufficiency of complaint: Privilege of physicians and
surgeons: Waiver by patient.*

1. The privilege granted by sec. 4075, Stats., to physicians and sur-
geons is a privilege in favor of the patient, and a patient may
waive it and have the physician testify in a personal injury
action.

2. A complaint alleging that plaintiff, standing in her yard, was
struck by a granite chip which flew from a surfacing machine
operated in defendant's monument yard adjacent to her prem-
ises, and charging defendant with negligence in failing to
properly guard against flying chips, is *held* to state a cause of
action.

APPEAL from a judgment of the circuit court for Milwau-
kee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff for personal in-
juries which she claims to have received through careless-
ness on the part of the defendant.

The monument yard of the defendant company is north of
and adjoining the yard of the house where the plaintiff and
her husband live. On August 22, 1916, plaintiff, while in the
act of removing the wash from a line in her yard, was struck
in the eye by a rock chip set in motion by operations carried
on by workmen employed at defendant's machines. She
claims that the workmen were operating a surfacing machine
and that one of the workmen was using a hammer and chisel
on a granite block fifteen feet north of the fence dividing
plaintiff's and defendant's premises, and that she was stand-
ing approximately twenty feet away from workmen and
machine when she was struck by the rock chip. Plaintiff
charges defendant with negligence in failing to protect her
properly by screens or other devices from flying rock
chips. ·She alleges that she has suffered great physical and
mental pain since the accident and that she has been since

then entirely unable to perform her household duties.   De-fendant denies all of the allegations of plaintiff's complaint. The civil court jury found the defendant guilty of a want of ordinary care as alleged in the complaint, and found that the plaintiff had been struck by a rock chip and that such want of care of defendant was the proximate cause of her injuries. Judgment was entered on the verdict, and the defendant ap-pealed from that judgment to the circuit court for Milwau-kee county.   The circuit court affirmed the judgment of the civil court on the record, and appeal is, taken from that judg-ment.

For the appellant there was a brief by *Nohl & Nohl* of Milwaukee, and oral argument by *Leo F. Nohl.*

*William O. Meilahn* of Milwaukee, for the respondent.

SIEBECKER, J.   The defendant assigned error upon the grounds (1) that the evidence of the physicians who treated plaintiff was improperly received; (2) that the court im-properly held that the complaint alleged a cause of action for ordinary negligence; (3) that the evidence fails to sustain the finding of the jury that defendant was guilty of action-able negligence; and (4) that the damages are excessive.

The evidence of plaintiff's physician was properly re-ceived.   The privilege granted by sec. 4075, Stats., is a privi-lege of the patient, and plaintiff in the instant case had the right to waive it.   *Markham v. Hipke, ante,* p. 37, 171 N. W. 300.   The court, within the rule of *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 128 N. W. 273, and *As-tin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265, was clearly right in holding that the complaint alleged a cause of action for ordinary negligence.   It also appears that the trial proceeded in accordance with this ruling and that defendant offered evidence to show plaintiff's alleged con-tributory negligence.   We find nothing in the record tending to show that defendant was in any way prejudiced by this ruling of the trial court.   An examination of the evidence

discloses that the jury's findings on negligence and the amount of damages awarded are amply sustained by the evidence and cannot be disturbed on appeal.

*By the Court.*—The judgment appealed from is affirmed.