Dering, Appellant vs. Milwaukee Electric Railway & Light Company, Respondent.

*January 16—February 10, 1920.*

*Automobiles: Collision with street car: Contributory negligence: Stopping of street car not invitation to cross street: Appeal: Errors in instruction in favor of prevailing party.*

1. In an action for damages to an automobile in a collision with a street car at a street intersection, the evidence is *held* sufficient to sustain a finding of contributory negligence of plaintiff, although the street car ran into the automobile.

2. Appellant cannot complain of instructions which related to questions that were answered in his favor.

3. The stopping of a street car at a customary place for discharging and taking on passengers is not an invitation to a traveler in an automobile to cross ahead of it; and if he is so situated that the street car can safely start and safely continue if he yields the right of way and can safely do so, the car may proceed upon its trip.

Appeal from a judgment of the circuit court for Milwaukee county: Walter Schinz, Circuit Judge. *Affirmed.*

Action begun in the civil court to recover damages for injury to plaintiff's automobile sustained in a collision with defendant's street car at the intersection of West Water street and Wells street in the city of Milwaukee on the evening of October 9, 1917. Wells street runs east and west. West Water street runs in a northwesterly and southeasterly direction. Plaintiff was proceeding east on Wells street and the car that struck him was running northwesterly on the east track on West Water street. There are also double

street-car tracks on Wells street intersecting those on West
Water street.   Each street is about fifty feet wide from
curb to curb and the car tracks are practically in the center
of the street.   According to plaintiff's testimony he was
hit at a point about six or eight feet south of the south rail
of the south track on Wells street where it crosses the east
rail of the east track on West Water street.   The defend-
ant's testimony places the collision further north, some
witnesses as far north as north of the north track on Wells
street.   When plaintiff first saw the car that hit him it was
standing on the south side of Wells street discharging pas-
sengers.

The jury found defendant negligent, its negligence the
proximate cause of the injury, and damages, but they also
found plaintiff guilty of contributory negligence.   The
court entered judgment for defendant dismissing the action
upon the merits.   Upon plaintiff's appeal to the circuit
court a judgment of affirmance was entered, and from such
judgment plaintiff appealed.

*Martin J. Brennan* of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw,
Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt,*
all of Milwaukee.

VINJE, J.   Plaintiff contends (a) that there is no evi-
dence to sustain the jury's finding of contributory negligence
and (b) errors in instructions to the jury.   From the fore-
going statement of facts it will be seen that even upon
plaintiff's own contention the car that hit him had run at
least fifteen feet from where it stood discharging passengers
before it ran into him.   In so doing the testimony shows it
had run at an average speed of not more than three miles
per hour.   He testified that he ran his auto from four to
eight miles per hour and had it under perfect control though
the street was wet.   If he went four miles per hour he
would be eighteen feet from the car track when the street

car started up.   If he went faster he would be further from the car track.   But assuming he went only four miles per hour, he would have plenty of space to stop his car in after the street car started up.   If he went faster than that he would have more space, and if the collision occurred further north, as the jury well might find, the street car had been under way a longer time and he would have a better opportunity to stop.   It is true he looked to the north and saw a car standing there discharging passengers, but that was farther away.   When he reached the zone of danger from the north-bound car it was his duty to look again to see if it had started.   Had he done so he could have seen it in motion in time to avoid a collision.   Either he did not look or looked and took his chance to cross ahead of it.   In either case the jury could find him guilty of contributory negligence.   The fact that the street car ran into him and not he into it is of no consequence.   Negligence is not necessarily lacking in the one who is being run into.

The instructions complained of related to questions that were answered in favor of plaintiff, and error, if any, therein cannot be invoked to reverse the judgment on his appeal.

The stopping of a street car at a customary place for discharging and taking on passengers is no invitation to the traveler to cross ahead of it.   If he is so situated that the car can safely start and safely continue if he yield the right of way and can safely do so, the car may proceed upon its trip, otherwise street-car traffic might be blocked indefinitely by travelers on the street or sidewalk.   The case of *Canning v. C. & M. E. R. Co.* 163 Wis. 448, 157 N. W. 532, relied upon by plaintiff, was where a car stopped in the middle of the block, and it was held that such stopping might be construed as an invitation to a man driving a team out of an alley to cross ahead of it.

*By the Court.*—Judgment affirmed.