### DOZIER v. CHARLESTON CONSOL. RY. & LIGHTING CO.
### ILDERTON v. SAME

#### (131 S. E., 592)

1. STREET RAILROADS—TAXICAB DRIVER "SIGNED AHEAD" OF STREET CAR
   NOT EXCUSED FROM DUTY TO EXERCISE ORDINARY CARE.—That driver
   of taxicab colliding with approaching street car had been "signed
   ahead" of street car he was attempting to pass from rear did not
   excuse him from duty to exercise ordinary care for his own safety
   and that of occupants of taxicab.

2. STREET RAILROADS—TAXICAB DRIVER HELD NEGLIGENT IN TRYING TO
   PASS BETWEEN STREET CARS GOING IN OPPOSITE DIRECTIONS.—Driver
   of taxicab colliding with approaching street car *held* guilty of con-
   tributory negligence and recklessness, as matter of law, in attempt-
   ing to pass between street cars going in opposite directions, though
   he was "signed ahead" of car he was attempting to pass from rear.

3. APPEAL AND ERROR—INSTRUCTION THAT TAXICAB PASSENGER COULD
   NOT RECOVER IF COLLISION WITH STREET CAR WAS CAUSED BY DRIV-
   ER'S NEGLIGENCE HELD TOO FAVORABLE TO DEFENDANT COMPLAINING
   THEREOF.—In action against street railway company for injuries to
   passenger in taxicab colliding with street car, defendant cannot
   complain of instruction that plaintiff could not recover if collision
   was caused by automobile driver's negligence in driving from behind

one street car in excess of speed limit in front of another so close as to render collision unavoidable; such instruction being too favorable to defendant in not requiring finding that plaintiff controlled driver or had right to.

4.  NEGLIGENCE—NEGLIGENCE OF TAXICAB DRIVER NOT IMPUTED TO PASSENGER.—Negligence of taxicab driver cannot be imputed to passenger so as to bar recovery from street railway company for injuries in collision with street car, where there is some evidence of negligence of defendant.

Before MAULDIN, J., Charleston, October, 1924. Affirmed in Dozier case; and reversed and remanded with instructions in Ilderton case.

Separate actions by Katherine Dozier and by H. G. Ilderton against the Charleston Consolidated Railway & Lighting Company. From judgments for plaintiffs, defendant appeals.

The complaint of Katherine Dozier, plaintiff in one case, alleged injuries received while traveling in an automobile over a public street when run down by two trolley cars traveling in opposite directions, and that the injuries were caused by the negligence, carelessness, recklessness, willfulness, and wantonness of defendant:

(a) In causing and allowing said trolley cars to be run at a high and dangerous and reckless rate of speed along Meeting Street, a public street of the City of Charleston, in violation of the ordinances and traffic regulations of the City of Charleston.

(b) In failing and omitting to give any signal or warning of the approach of said trolley cars.

(c) In failing and omitting to have said trolley cars under proper control and management, so as to have stopped the same in time to have prevented said accident.

(d) In failing and omitting to keep a proper lookout so as to have stopped said trolley cars in time to have prevented said accident.

(e) In causing and allowing said trolley cars to run

down and upon the automobile in which plaintiff was a passenger, and to injure her as aforesaid.

Plaintiff in the other case, H. G. Ilderton, complained of damage to his automobile arising out of the same accident, and alleged the same negligence as above. The defendant in answer to the first complaint set up the defense of negligence and recklessness of driver of the automobile with the same defense in the second case, and further in that case interposed a counterclaim for damage resulting to street cars in the collision.

The testimony for the plaintiff tended to show that the accident resulting in the injury occurred when the taxicab attempted to pass a southbound street car after having been signed ahead by the conductor. That, while the automobile was thus attempting to pass the southbound car it was struck by a northbound car without having been given any warning, and was pinned in between the two street cars. It also tended to show that the southbound car, after having signalled driver ahead, had started forward and continually increased its speed up to the time of the accident, and that the driver of the automobile was traveling at a reasonable rate of speed at such time. That the driver of the automobile was proceeding without any instructions from the passengers. The testimony for the defendant, while placing the accident as contended by plaintiff, tended to show that the driver of the taxicab was negligently attempting to pass the southbound car and driving at excessive rate of speed at such time, and that the operators of the street cars had done all that was physically possible to avoid the accident, and also indicated that the taxicab was out of order at the time of the accident.

The twelfth charge, given at the request of the defendant, is as follows:

"(12) If you believe the collision was caused by the negligence or recklessness of the driver of the automobile driving from behind one street car rapidly and in excess of

the speed limit into the front of another street car so close as to render a collision unavoidable, plaintiff cannot recover.

"I charge you that, and I tell you also that you must look to the facts in this case and make an application of these facts to any requests to charge."

*Messrs. FitzSimons & FitzSimons,* for appellant, cite: *Directed verdict proper where testimony not susceptible of more than one inference:* 117 S. C., 11; 94 S. C., 143. *Violation of City Ordinance negligence per se:* 91 S. C., 523; 90 S. C., 281; 90 S. C., 273; 84 S. C., 536; 83 S. C., 354. *When doctrine of "sudden peril" applicable:* 120 S. C., 394; 103 S. C., 489; 100 S. C., 435; 82 S. C., 71; 20 R. C. L., 135. *Operator of moving train may reasonably expect person on track to move:* 70 S. C., 194; 57 S. C., 254; 52 S. C., 323.

*Messrs. Logan & Grace,* for respondents, cite: *Directed verdict improper where testimony susceptible of more than one inference:* 117 S. C., 44; 108 S. C., 400; 98 S. C., 129; 96 S. C., 153; 97 S. C., 403; 95 S. C., 135; 86 S. C., 300; 252 F., 540; 228 U. S., 219; 57 L. Ed., 527; 150 U. S., 349; 27 L. Ed., 1107. *Doctrine of "sudden peril":* 125 A., 37.

February 8, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE.

This is an appeal by the appellant from verdicts recovered against it by the two respondents above set out. The Dozier case was for personal injuries, and the Ilderton case was for injury to personal property. While the two cases were separate and distinct, yet they were both tried together, and the appeals are printed in the same case.

It appears that on March 18, 1922, the plaintiff, Katherine Dozier, was in the City of Charleston, and hired a taxi for the purpose of being carried to the Charleston Hotel, and while on her way to the hotel the collision occurred by rea-

son of the driver of the taxi attempting to pass between two cars going in opposite directions on parallel tracks. The Reporter will set out a short synopsis of the testimony so that the contentions of the parties may be made clear, and he will also give a statement of the pleadings in the cases.

In the H. G. Ilderton case we shall only consider the question as to whether or not his Honor committed error in refusing to direct a verdict for the defendant.

Although it be admitted that the driver had been "signed ahead," as he claimed, yet that would not excuse him from the duty to exercise ordinary care for his own safety and the safety of the occupants of the car he was driving. One man cannot, in a case like this, shift upon another the duty to look out for his own protection and safety. If a danger is obvious, one must, in the exercise of ordinary care, avoid it. Common sense and a common regard for the rights of others require one to avoid this danger. So many cases have laid down this rule that it is a work of supererogation to rehearse them.

It does seem that the driver ought to have had regard enough, not only for his own safety, but for the rights and safety of others and the property under his control not to have tried to run between the two street cars which were going in opposite directions as these were, and it is a case where the driver was guilty, not only of contributory negligence, but also of contributory recklessness as well. There was no reasonable excuse for his conduct on that occasion, and, as the taxi was not struck by the street car in the first instance, which he was trying to pass, and which he claims he was signed ahead of, we see no excuse for his trying to cut ahead of the other car which was meeting the car that he was trying to pass. An invitation to pass one street car could not be stretched into an invitation to head off another car also. The driver of the automobile could deflect his route, while the street car could

not do this.   We see no reasonable grounds upon which this verdict can be upheld.   The Court ought to have directed a verdict for the defendant in the H. G. Ilderton case, and it was error to refuse to do this.

If any authority were needed for the above conclusion, it is found in *Dering v. M. E. Railway & Light Co.,* 176 N. W., 343; 171 Wis., 8, 14A; 14 A. L. R., page 809, which holds:

"One struck by a street car in attempting to drive an automobile across the track in front of the car, which had stopped to discharge passengers, may be found to be guilty of negligence if he saw, or could have seen, that the car had started, in time to have stopped his automobile before reaching the track."

The Dozier case, however, is on an entirely different basis. In this case we have a passenger for hire in an automobile who does not in fact control, nor does she have the right to control, the action of the driver.   In considering this matter, it must be recalled that this is not a crossing case, where the statutes make a change in the rule by expressed legislation on the matter.   This distinction will be readily seen by an examination of the *Neely Case* hereinafter cited. The correct rule in this matter, as stated in the *Langley Case, Langley v. Railway,* 101 S. E., 286; 113 S. C., 49, where Mr. Justice Hydrick clearly shows that it is a question of the right of the person in the car to direct the driver or the actual doing of the same.   See *Neely v. Railway,* 117 S. E., 55; 123 S. C., 449, as to the matter of crossings.

In the case at bar the Circuit Judge gave to the defendant in the twelfth request to charge (let it be printed) a much more favorable instruction of the law than it was entitled to.   He should have limited this request by adding that only was the plaintiff barred to recover, if the jury found from the evidence that she did or had the right to control the driver in the present case.   The

defendant cannot complain where the charge is too favorable to it.

The defendant, by its pleading, recognizes this to be the correct rule, for in its third paragraph of the answer it pleads the common enterprise doctrine, and the right of the plaintiff to control the action of the driver, and that the driver was the agent of the plaintiff, in the following words: "And all the parties in said automobile were engaged in a common enterprise or purpose and the plaintiff was a participant therein and the said driver of said automobile was the agent of the plaintiff," showing clearly that the learned counsel for the defendant understood the rule and pleaded the same in correct form.

Under the following authorities the negligence of the driver could not be imputed to the plaintiff, Katherine Dozier. *Neely v. Railway,* 117 S. E., 55; 123 S. C., 449. *Langford v. Southern Railway,* 101 S. E., 286; 113 S. C., 45. *Latimer v. Anderson County,* 78 S. C., 879; 95 S. C., 187; and other authorities.

"Where a pure case of carrier and passenger is presented there would seem to be no doubt that the negligence of the driver of a motor vehicle cannot be imputed to a passenger so as to bar a recovery by him for injuries sustained." 2 Ruling Case Law, page 1207.

There is an obvious difference between recklessness at a blow post crossing and elsewhere in regard to the matter of imputed negligence. As the plaintiff, Dozier, was not injured at a statutory crossing, as mentioned in the case of *Neely v. Railway,* 117 S. E., 55; 123 S. C., 449, *supra,* the negligence or recklessness of the driver of the automobile could not be imputed to her, for there is some testimony tending to show negligence and recklessness on the part of the defendant, and all questions of fact were settled in her favor by the verdict of the jury. *Keistler v. Ætna Insurance Company,* 117 S. E., 70; 124 S. C., 32. *Pinckney v. Knowles,* 99 S. E., 354; 112 S. C., 7. *Bunch v. American*

*Cigar Co.,* 119 S. E., 828; 126 S. C., 324. It is, therefore, the judgment of this Court that the judgment of the lower Court in the case of Katherine Dozier be affirmed.

It is the further judgment of this Court that the judgment in the case of H. G. Ilderton be reversed, and that the said case be remanded to the Court of Common Pleas for Charleston County, with instructions to the Clerk of Court to enter up judgment for the defendant under Rule 27 of the Court.

MESSRS. JUSTICES WATTS, COTHRAN and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.